RECEIVED
APR 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
Jahinnslerth Orozco
1265 Newton Street, N. E.
Washington, DC 20017

        Plaintiff
   vs.                              Case No. 1:07CV00444

                                    Before Judge: E G Sullivan
Today's Bus, Inc., et. al.
610 I Street NW
Washington, DC 20001

        Defendants
```

### DEFENDANT MING YU'S ANSWER

Defendant, Ming Yu, in response to the Plaintiff's Complaint, respectfully states:

### FIRST DEFENSE

The Complaints fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

Answering the Complaint with greater particularity Defendant admits, denies and avers as follows:

1. Defendant admits the paragraphs 1 to 2.
2. Defendant does not have sufficient information to either admit or deny the Paragraph 3, but requests plaintiff's proof.
3. Defendant does not have sufficient information to either admit or deny the Paragraphs 4-6.

4. Defendant denies the paragraph 7 and further avers that he has never been employed by Today's Bus, Inc. In fact, he is an employee of New Today's Bus, Inc., and he does not have responsibility for his employer's policy regarding the service animal.

5. Defendant does not have sufficient information to either admit or deny the Paragraphs 8 to 21.

6. Defendant admits that he received a phone call on January 2, 2007 from Plaintiff, but denies all contents of the remaining portion of the Paragraph 23. As an employee stationed at Brooklyn, New York City, Defendant was not aware of the incidents happened either in Washington, DC or in Manhattan, New York during the holidays. When he suddenly received a telephone call from a complaining customer about treatment of his pet, Defendant simply explained to Plaintiff the corporate policy toward transportation of a pet. Later, when he discovered that the complaining customer is a blind person, Defendant immediately acknowledged the exception, and further referred the case to another manager stationed at the Manhattan office, Tom Chan. Without knowing the facts between the parties and lacking of authority, Defendant did not offer any apology to Plaintiff over the phone.

7. Defendant does not have sufficient information to

either admit or deny the Paragraphs 24 to 27, but requests plaintiff's proof.

8. Defendant needs not respond the Paragraphs 28 to 45 regarding the statute and regulations.

9. Defendant does not have sufficient information to either admit or deny the Paragraphs 46-79.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice, and/or that judgment be entered in Defendant's favor.

Respectfully submitted,

/s/ *[signature]*
Ming Yu (pro se)
828 Broadway
Brooklyn, N. Y. 11206
(212)343-3280
(212)343-3282 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Answer was mailed on April 16, 2007 to Amy B. Metzel, Esq. University Legal Service at 220 I Street, N. E. Washington, DC 20002

*[signature]*
Ming Yu