UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jahinnslerth Orozco,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Today's Bus, Inc., et al** )<br>)<br>**Defendants.** )<br>) | Civil Action # 07-00444 (EGS) |

## MEET AND CONFER REPORT

In accordance with the Court's Order of May 21, 2007, LCvR 16.3 and Fed. R. Civ. P. 26(f), counsel for the Plaintiff Jahinnslerth (Joe) Orozco and for Defendant Ming Yu in the above-captioned case met and conferred in person on Wednesday, May 30, 2007. The following counsel attended the meeting:

For the Plaintiff:                          For the Defendant Ming Yu:[1]

Amy Metzel, Esq.                       Daniel Chang, Esq.

Marjorie Rifkin, Esq.

### LCvR 16.3 Issues

The parties discussed the following matters and hereby submit their report addressing the issues outlined in LCvR 16.3(c):

---

[1] Defendant Ming Yu is the only Defendant who has answered the Complaint, and was represented by counsel at this meeting. Consequently, references herein to "the parties" refer only to the Plaintiff and one Defendant, Ming Yu.

(1) <u>Case Tracking Category</u> – The parties agree that the case is likely to be disposed of by dispositive motion or settlement. No dispositive motion is currently pending; the parties do not recommend a postponement of discovery.

(2) <u>Joinder, Amendment, and Agreements on Factual or Legal Issues</u> – The Complaint shall be amended and the parties agree that any additional parties shall be joined by September 17, 2007. The parties agree on the following factual and/or legal issues:

   a. People who are blind use service animals to get around.

   b. Service animals are not considered pets and therefore are exempt from "no pet" policies.

   c. Plaintiff Joe Orozco is a person who is blind and uses a service animal.

   d. Plaintiff Joe Orozco is a person with a disability under the Americans with Disabilities Act.

   e. The office in Washington, DC at which New Today Bus Corporation sells bus tickets to New York City is located at 610 I Street, NW, Washington DC.

   f. The office in Manhattan at which New Today Bus Corporation sells bus tickets is located at 13 Allen Street, New York, New York.

   g. Defendant Ming Yu received a phone call from Plaintiff Joe Orozco on January 2, 2007 complaining about the treatment of his dog on the bus.

   h. Ming Yu explained to Mr. Orozco the corporate policy prohibiting transportation of pets.

    i. Ming Yu did not offer any apology to Mr. Orozco.

    j. New Today Bus Corporation is operating in Washington, DC and New York City as "Today's Bus."

(3) <u>Assignment of Magistrate Judge</u> – The parties agree to work with a magistrate judge chosen by the Court, to assist in settlement negotiations only.

(4) <u>Settlement</u> – The parties are optimistic that there is a realistic possibility of settling this case.

(5) <u>Alternative Dispute Resolution</u> – The parties believe that this case would benefit from alternative dispute resolution procedures, specifically mediation with the assistance of a magistrate judge in settlement negotiations, as noted in ¶ 3 above.

(6) <u>Dispositive Motions</u> – The parties cannot predict whether this action can be resolved in whole or part by dispositive motion. The parties agree that dispositive motions shall be filed no later than thirty (30) days following the close of discovery, by October 17, 2007. The parties agree that the opposing party shall file an opposition within eleven (11) days from the filing of the motion, by October 29, 2007, and that a reply shall be filed within five (5) days from the filing date of the opposition, by November 5, 2007.

(7) <u>Initial Disclosures</u> –The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made by July 10, 2007.

(8) <u>Discovery</u> – The parties agree that a ninety (90) day discovery period shall begin upon the filing of this Joint Report on June 18, 2007. Discovery shall be completed by September 17, 2007.

For interrogatories, the parties agree to follow the rule of twenty-five (25) per party under Fed. R. Civ. P. 33. Both parties agree that ten (10) depositions should be permitted per side. The parties agree that no protective order is needed.

(9) <u>Experts</u> – The parties agree that expert reports, if experts are to be used, shall be exchanged twenty (20) days prior to the close of discovery, by August 28, 2007. The parties agree that depositions of experts shall take place within the discovery period, by September 17, 2007.

(10) <u>Class Level Aspects</u> – Not applicable.

(11) <u>Bifurcation or Management in Phases</u> – Not applicable.

(12) <u>Pretrial Conference</u> – In the event that this case is not settled or resolved by dispositive motion, the parties agree that a pretrial conference shall be scheduled to occur on October 15, 2007. The parties agree that all pretrial disclosures must take place within fourteen (14) days of the end of discovery, by October 1, 2007. The parties agree that objections to the admissibility of exhibits and motions to quash shall be filed within fourteen (14) days after pretrial disclosures, by October 15, 2007.

In the event that dispositive motions are filed, such motions must be filed by October 17, 2007 (see ¶ 6 above), and the pretrial conference shall be held by December 3, 2007. The parties agree that, where dispositive motions are filed, pretrial disclosures must take place

4

by November 19, 2007, and any objections to the admissibility of exhibits and motions to quash shall be filed by December 3, 2007.

(13)  <u>Trial Date</u> – The parties agree that the trial shall begin thirty (30) days after the pretrial conference, on November 14, 2007.  In the event of dispositive motions, the trial shall commence on January 7, 2008.

**Brief statement of the case and statutory bases for all causes of action and defenses**

According to the allegations of the Complaint, this is an individual action by Mr. Jahinnslerth Orozco, a person who is blind and who, along with his service animal, was initially barred on two occasions from riding interstate passenger buses operated by Defendants Today's Bus, Inc., and Wilcar Tours, *et al.*, and Mr. Orozco was ultimately segregated at the back of the bus with his dog.

Mr. Orozco is seeking injunctive relief for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, 12182, 12184, and its implementing regulations, including 28 C.F.R. Pt. 36 and 49 C.F.R. Pt. 37.  Mr. Orozco also seeks damages under the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq*.

Defendant Ming Yu asserts the following defense:

1)  Defendant is a manager in charge of the bus repair and the issues of bus inspections at Brooklyn, New York.  He seldom handles any business operations at the downtown office in New York City.

2)  Defendant did not personally reject the Plaintiff to board the bus nor instruct anyone else to do so.  Other than answering a complaining phone call to the Plaintiff several days after the incident, he was not involved nor did he know anything about this case.

5

Respectfully submitted,

/s/
Daniel S. Chang (DC Bar No. 954388)
1101 14th Street, NW, #710
Washington, DC 20005
202-347-6566
202-408-7903 (fax)
Email: dscchang@hotmail.com

*Counsel for Defendant Ming Yu*

/s/
Amy B. Metzel (DC Bar No. 485614)
University Legal Services, Inc.
220 I Street, NE, Suite 130
Washington, DC  20002
202-547-0198 ext. 102; 202-547-2662 (fax)
Email: ametzel@uls-dc.org

/s/
Marjorie Rifkin (DC Bar No. 437076)
University Legal Services, Inc.
220 I Street NE, Suite 130
Washington, DC  20002
202-547-0198 ext. 112; 202-547-2662 (fax)
Email: mrifkin@uls-dc.org

*Counsel for Plaintiff*

Date:  June 18, 2007