# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jahinnslerth Orozco,            )
                                 )
                 **Plaintiff,**   )     **Civil Action # 07-444 (EGS-JMF)**
     **v.**                       )
                                 )
Today's Bus, Inc., et al      )
                                 )
                **Defendants.**  )

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff  Jahinnslerth Orozco hereby moves pursuant to Fed.R. Civ.P. 15(a) for leave to amend his Complaint to add New Today Bus Corp., its President Pao Hua Yu, and managers Tom Chan and Jimmy Zhang, as defendants in this disability discrimination case.

In satisfaction of Local Rule 7(m), Plaintiffs' counsel Amy Metzel notified Daniel Chang, counsel for Defendant Ming Yu[1] of the filing of this motion on August 22, 2007, and provided Mr. Chang with a draft of the amended complaint via email.  Plaintiffs' counsel spoke with Mr. Chang on August 23, 2007 to discuss the filing of this motion.  Mr. Chang has not provided his consent to the filing.

Plaintiff's filing of this motion is within the time frame set by the Court's Scheduling Order entered on June 20, 2007.  The reasons supporting this motion are set forth fully in the

---

[1] All the other defendants named in the original Complaint failed to answer the Complaint and consequently, there are clerical entries of default against Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc., and William Ruiz.  In light of the fact that these defendants failed to file their responses to the original complaint, Plaintiff's amendment is filed 'as of right' and  these defendants have no standing to challenge Plaintiff's proposed amended complaint under Fed. R. Civ. P. 15(a).

accompanying Memorandum of Points and Authorities.  A proposed order is attached in addition

to the Amended Complaint which is appended as Exhibit A to the Memorandum.

        Respectfully submitted,


              /s/
        _____
        Marjorie Rifkin (DC Bar No. 437076)
        Amy B. Metzel (DC Bar No. 485614)
        University Legal Services
        220 I Street, NE, Suite 130
        Washington, DC  20002
        202-547-0198; 202-547-2662 (fax)
        Email: mrifkin@uls-dc.org

        *Counsel for Plaintiff*

Dated: September 5, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Jahinnslerth Orozco, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action # 07-444 (EGS) |
| v. | ) | |
| | ) | |
| Today's Bus, Inc., et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING LEAVE TO AMEND COMPLAINT

This matter having come before the Court upon Plaintiff's Motion for Leave to Amend Plaintiff's Complaint, and the Court having reviewed the motion, and any response thereto, now finds that the motion should be **GRANTED**.

It is therefore **ORDERED** that:

(1)  Plaintiff is granted leave to file his Amended Complaint;

(2)  Plaintiff's Amended Complaint is deemed filed with the Court upon the signing of this  Order, and such filing constitutes effective service upon all parties that have entered an appearance in this action on the electronic case filing system (ECF) as of the date of this Order;

(3)  Plaintiff shall serve the summons with the Amended Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure upon the additional Defendants New Today Bus Corporation, Pao Hua Yu, Tom Chan, and Jimmy Zhang.

**IT IS SO ORDERED this \_\_\_\_ day of _____, 2007.**

Signed:    _____
            Hon. Emmet G. Sullivan
            United States District Judge

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
| **1265 Newton Street, NE** | ) | |
| **Washington, DC 20017** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 07-444 (EGS)** |
| **v.** | ) | |
| | ) | **Jury Trial Demand** |
| **Today's Bus, Inc.** | ) | |
| **610 I Street NW** | ) | |
| **Washington, DC 20001** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Dong Jia Yong, President** | ) | |
| **in his official capacity** | ) | |
| **Today's Bus, Inc.** | ) | |
| **610 I Street NW** | ) | |
| **Washington, DC 20001** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Ming Yu, Manager** | ) | |
| **in his official capacity** | ) | |
| **Today's Bus, Inc., and** | ) | |
| **New Today Bus Corp., dba Today's Bus** | ) | |
| **828 Broadway** | ) | |
| **Brooklyn, NY 11206** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Wilcar Tours, Inc.** | ) | |
| **1107 Sweet Gale Drive** | ) | |
| **Durham, NC 27704** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **William Ruiz, President** | ) | |
| **in his official capacity** | ) | |
| **Wilcar Tours, Inc.** | ) | |
| **81-14 Baxter Avenue, #5G** | ) | |
| **Jackson Heights, NY 11373** | ) | |
| | ) | |

| | |
|---|---|
| **and** | ) |
| | ) |
| **New Today Bus Corp., dba Today's Bus** | ) |
| **157 Allen Street #2D** | ) |
| **New York, NY 10002** | ) |
| | ) |
| **and** | ) |
| | ) |
| **Pao Hua Yu, President** | ) |
| **in her official capacity** | ) |
| **New Today Bus Corp., dba Today's Bus** | ) |
| **157 Allen Street #2D** | ) |
| **New York, NY 10002** | ) |
| | ) |
| **and** | ) |
| | ) |
| **Tom Chan, Manager** | ) |
| **in his official capacity** | ) |
| **New Today Bus Corp., dba Today's Bus** | ) |
| **13 Allen Street** | ) |
| **New York, NY 10002** | ) |
| | ) |
| **and** | ) |
| | ) |
| **Jimmy Zhang, Manager** | ) |
| **in his official capacity** | ) |
| **New Today Bus Corp., dba Today's Bus** | ) |
| **610 I Street NW** | ) |
| **Washington, DC 20001** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## FIRST AMENDED COMPLAINT

## I. INTRODUCTION

This is an action seeking injunctive relief and damages for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (hereinafter "ADA"), and its implementing regulations, and the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq*. (hereinafter "DCHRA"). Defendants – Today's Bus, Inc. and New Today Bus Corp., doing

business as ("dba") Today's Bus[1] (an interstate passenger bus service), Wilcar Tours, Inc. (an

interstate passenger carrier), and their employees and agents – illegally barred and ultimately

segregated Plaintiff Jahinnslerth (Joe) Orozco, a blind young man, forcing him to sit at the back

of the bus with his service animal.  In blatant violation of the ADA and the DCHRA, Defendants

twice refused to accommodate Mr. Orozco's requests to travel with his service animal, based on

their policy that explicitly discriminates against people with disabilities by prohibiting all

animals from bus travel without exception.  By their actions, Defendants subjected Mr. Orozco

to substantial travel delays, harassment, and humiliation.

As an AmeriCorps volunteer who frequently travels outside of the District of Columbia,

Mr. Orozco, accompanied by his service animal, has an ongoing need to use Today's Bus for

interstate transportation.  Mr. Orozco's efforts to urge Defendants to change their unlawful

discriminatory policy and practice have been unsuccessful.  Consequently, he seeks injunctive

relief from this Court, as well as damages, attorneys' fees and costs.

## II.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over the federal statutory claims pursuant to 28 U.S.C.

§§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's claims arising under

District of Columbia law pursuant to 28 U.S.C. § 1367.

---

[1] References to "Today's Bus" encompass *both* New Today Bus Corp. and Today's Bus, Inc.  On information and belief, at the time of the allegations of Plaintiff's Complaint, New Today Bus Corp. was operating in D.C. and New York as "Today's Bus."  However, the company was not registered to do business in Washington, D.C. under the name New Today Bus Corp. until April 2007.  At time of the allegations of the Complaint, only Today's Bus, Inc. was registered in D.C. as operating out of 610 I Street NW.   Although Defendant Ming Yu has stipulated to the fact that New Today Bus Corp. is doing business in New York City as "Today's Bus," the company has not filed the required Certificate of Assumed Name with the New York Department of State in order to conduct operations  in New York under a name Today's Bus.  *See* Meet & Confer Report at 3, filed June 18, 2007 ; N.Y. Bus. Corp. Law § 202(b) (McKinney 2003).  On information and belief, at all times relevant to Plaintiff's Complaint, Today's Bus, Inc. and New Today Bus Corp. were both doing business as Today's Bus out of the same location and continue to do so, and thus appear to be the same company.

2.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

### III. PARTIES

3.     Plaintiff Jahinnslerth (Joe) Orozco is a resident of the District of Columbia. Mr. Orozco is a 25-year-old man who has been blind since the age of two. He is substantially impaired in a major life activity and thus is a person with a disability as defined by the ADA. 42 U.S.C. § 12102(2)(A). Mr. Orozco uses a dog as a service animal on a daily basis to move about the city safely and independently. Mr. Orozco has relied on Gator, a trained German shepherd, as his loyal service animal since July 2004. Gator was formally trained and certified by The Seeing Eye, Inc. as a guide dog to assist people with visual disabilities. Following Gator's training, Mr. Orozco received a certificate affirming Gator's qualifications as a Seeing Eye dog. Mr. Orozco's dog is therefore properly characterized as a service animal, which is defined under the ADA to include "any guide dog, signal dog, or other animal individually trained to work or perform tasks for an individual with a disability, including, but not limited to, guiding individuals with impaired vision[.]" 49 C.F.R. § 37.3; 28 C.F.R. § 36.104.

4.     Defendant Today's Bus, Inc. is a corporation formed under the laws of the State of New York for the purpose of providing interstate bus transportation. At the time of the incidents alleged herein, Today's Bus, Inc.'s office in Washington, D.C. was located at 610 I Street, NW and it was doing business in the District of Columbia as "Today's Bus." Today's Bus, Inc. owns, leases (or leases to), or operates a "travel service" (42 U.S.C. § 12181(7)(F)) and a "terminal, depot, or other station used for specified public transportation" (42 U.S.C. § 12181(7)(G)), and thus is a public accommodation under Title III of the ADA and implementing regulations promulgated by the U.S. Department of Justice (DOJ). 42 U.S.C. § 12181(7); 28

C.F.R. Pt. 36.  Today's Bus, Inc. is a private entity, primarily engaged in the business of

transporting people, whose operations affect commerce, that provides "specified public

transportation" services under 42 U.S.C. § 12181(10),[2] and thus is subject to 42 U.S.C. § 12184

and implementing regulations promulgated by the U.S. Department of Transportation (DOT).  42

U.S.C. § 12184(a); 49 C.F.R. Pt. 37.

  5.  Today's Bus, Inc. provides "public conveyances operated on land … as well as

the stations and terminals thereof," and "travel or tour advisory services" and thus operates a

place of public accommodation under the DCHRA.  D.C. Code § 2-1401.02(24).

  6.  Defendant Dong Jia Yong is the President of Today's Bus, Inc.  According to the

corporate registration of Today's Bus, Inc. filed by Mr. Yong with the D.C. Department of

Consumer and Regulatory Affairs, Mr. Yong is a "Bona fide Resident of the District of

Columbia" and the resident agent for Today's Bus, Inc. with his address at 610 I Street NW,

Washington, D.C. 20001.  As the President of Today's Bus, Inc., Mr. Yong is responsible for the

company's discriminatory policy regarding service animals, and has the authority to implement

corrective action.

  7.  Defendant Ming Yu is a manager of the daily operations of Today's Bus, Inc.

and/or New Today Bus Corp. dba Today's Bus.  Based on information and belief, he works in

the company's Brooklyn office at 828 Broadway, Brooklyn, N.Y. 11206.  As a manager, Mr. Yu

is responsible for the company's discriminatory policy regarding service animals and has the

authority to implement corrective action.

  8.  Defendant Wilcar Tours, Inc. (Wilcar Tours) is a private entity that owns and

operates buses providing passenger transportation services in the District of Columbia and other

---

[2] The ADA defines "specified public transportation" as "transportation by bus, rail, or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis."  42 U.S.C. § 12181(10); 49 C.F.R. § 37.3.

states.  Wilcar Tours is registered with the U.S. Department of Transportation under USDOT #

1508944 and operates as an interstate motor common carrier of passengers under MC # 565760.

Wilcar Tours is "a private entity that owns, leases (or leases to), or operates a place of public

accommodation," and thus is a public accommodation under the DOJ regulations implementing

Title III of the ADA.  28 C.F.R. § 36.104.  Wilcar Tours is a private entity, primarily engaged in

the business of transporting people, whose operations affect commerce, that provides "specified

public transportation" services under 42 U.S.C. § 12181(10), and thus is subject to 42 U.S.C. §

12184 and the DOT's implementing regulations.  42 U.S.C. § 12184(a); 49 C.F.R. § 37.5.

9.      Wilcar Tours provides "public conveyances operated on land" and thus operates a

place of public accommodation under the DCHRA.  D.C. Code § 2-1401.02(24).  Based on

information and belief, at the time of the incidents alleged herein, buses owned and operated by

Wilcar Tours and displaying registration numbers USDOT # 1508944 and MC # 565760 were

used by Today's Bus, Inc. and/or New Today Bus Corp. dba Today's Bus in its business of

transporting passengers between Washington, D.C. and New York City.

10.      Defendant William Ruiz is the President of Wilcar Tours.  Based on information

and belief, he resides at 81-14 Baxter Avenue, #5G, Jackson Heights, N.Y. 11373.  As President,

Mr. Ruiz is responsible for the company's discriminatory policy regarding service animals and

has the authority to implement corrective action.

11.      Defendant New Today Bus Corp. is a corporation formed under the laws of the

State of New York for the purpose of providing interstate bus transportation.  The corporation's

Manhattan office is located at 13 Allen Street, New York, N.Y. and its office in Washington,

D.C. is located at 610 I Street, NW.  *See* Meet & Confer Report at 2, filed June 18, 2007.  On

information and belief, at the time of the allegations of Plaintiff's Complaint, New Today Bus

Corp. was doing business as ("dba") Today's Bus in New York and the District of Columbia. On information and belief, New Today Bus Corp. dba Today's Bus owns, leases (or leases to), or operates a "travel service" (42 U.S.C. § 12181(7)(F)) and a "terminal, depot, or other station used for specified public transportation" (42 U.S.C. § 12181(7)(G)), and thus is a public accommodation under Title III of the ADA and implementing regulations promulgated by the U.S. Department of Justice (DOJ). 42 U.S.C. § 12181(7); 28 C.F.R. Pt. 36. New Today Bus Corp. dba Today's Bus is a private entity, primarily engaged in the business of transporting people, whose operations affect commerce, that provides "specified public transportation" services under 42 U.S.C. § 12181(10), and thus is subject to 42 U.S.C. § 12184 and implementing regulations promulgated by the U.S. Department of Transportation (DOT). 42 U.S.C. § 12184(a); 49 C.F.R. Pt. 37.

12.    New Today Bus Corp. dba Today's Bus provides "public conveyances operated on land … as well as the stations and terminals thereof," and "travel or tour advisory services" and thus operates a place of public accommodation under the DCHRA. D.C. Code § 2-1401.02(24).

13.    Pao Hua Yu is the President of New Today Bus Corp. dba Today's Bus. According to the corporate registration of New Today Bus Corp. filed with the D.C. Department of Consumer and Regulatory Affairs, Ms. Yu's address is 157 Allen Street #2D, New York, N.Y. 10002. As the President of New Today Bus Corp., Ms. Yu is responsible for the company's operations, management and policies in New York and the District of Columbia, including the discriminatory policy regarding service animals. Ms. Yu has the authority to implement corrective action.

14.     Tom Chan is a manager of the daily operations of New Today Bus Corp. dba Today's Bus in New York City.  On information and belief, at the time of the incidents alleged herein, Mr. Chan worked in the company's office at 13 Allen Street, New York, N.Y. 10002, and he continues to work for the company.  As a manager, Mr. Chan is responsible for the company's discriminatory policy regarding service animals and has the authority to implement corrective action.

15.     Jimmy Zhang is a manager of the daily operations of New Today Bus Corp. dba Today's Bus in Washington, D.C.  On information and belief, at the time of the incidents alleged herein, Mr. Zhang worked in the company's office at 610 I Street NW, Washington, D.C. 20001, and he continues to work for the company.   As a manager, Mr. Zhang is responsible for the company's discriminatory policy regarding service animals and has the authority to implement corrective action.

## IV.  FACTUAL ALLEGATIONS

16.     On December 31, 2006, Mr. Orozco, accompanied by his service animal and four traveling companions, purchased a ticket to New York City from a Today's Bus ticket agent at the 610 I Street, NW station in Washington, D.C., and attempted to board a 9:30 AM Today's Bus traveling from Washington to New York City.

17.     Even though Mr. Orozco and his traveling companions were at the front of the line to board the Today's Bus carrier, a station agent prevented Mr. Orozco from boarding the bus with his service animal.  Defendants' agents told Mr. Orozco that his only recourse was to place the dog beneath the bus along with the passengers' luggage and additional baggage.

18.     Mr. Orozco explained to Defendants' agents that he is blind, and accordingly, he needed his service animal to accompany him on the bus.  He further explained that the dog is

well-trained and certified as a Seeing Eye dog, and presented an identification card verifying this

training and certification.  Mr. Orozco requested as a reasonable accommodation under the ADA

that Defendants allow his service animal to ride with him on the bus. Nevertheless, Defendants'

agents refused to accommodate Mr. Orozco's request to travel with Gator on the bus, relying

instead on a company policy that excludes all dogs from the buses.

19.    Eventually, Mr. Orozco called the D.C. Metropolitan Police Department and two

officers responded in person to his call.  The police officers interviewed Mr. Orozco and

explained to Defendants' station employees and driver that they must allow Mr. Orozco's service

animal on the bus.   It was only after the police told the station employees and driver that Mr.

Orozco had the right to bring Gator on the bus that Mr. Orozco was finally allowed to board the

bus after a delay of approximately 45 minutes, and after all other passengers had boarded the bus

and were waiting for the matter to be resolved.

20.    Defendants' discriminatory conduct in singling out Mr. Orozco and excluding

him from boarding the bus with Gator occurred in front of Mr. Orozco's traveling companions

and all the other bus passengers, causing him significant humiliation.  Mr. Orozco continued to

suffer humiliation during the four-hour trip with the same passengers who had witnessed the

driver's discriminatory conduct to keep him from boarding the bus based on his disability.

21.    Before Mr. Orozco left Washington on December 31, 2006, he explained to the

station agent that he would be returning from New York City with his service animal the

following day on Today's Bus.  Mr. Orozco requested that Defendants' agent alert Defendants'

New York City station employees of the fact that Mr. Orozco had the right to travel with his

service animal on the bus, so that he would not experience disability-based discrimination on the

return trip.

22.     In spite of Mr. Orozco's efforts to prevent a recurrence, he encountered the same discriminatory treatment by Defendants when he tried to board the 5:00 PM Today's Bus leaving New York City on January 1, 2007.  Mr. Orozco entered the Today's Bus station at 13 Allen Street in New York with his service animal and purchased a ticket from the Today's Bus ticket agent to travel to Washington, D.C.  Mr. Orozco and his sighted traveling companion then walked several blocks with Gator to the location where the Today's Bus carrier was waiting. There, a female Today's Bus agent was selling Today's Bus tickets curbside as well as directing passengers onto the waiting bus.  This agent prevented Mr. Orozco and his service animal from boarding the bus. As a result, the bus for which he had purchased a ticket left the station without Mr. Orozco, Gator, and his companion.

23.     Mr. Orozco tried in vain to explain to the Defendants' agent that he is blind and needs his service animal to travel with him. He further explained his right to travel on the bus with his service animal, but Defendants' agent repeatedly refused to allow Mr. Orozco to board the bus with Gator.  When Mr. Orozco and his companion tried to board a second bus, the female employee snatched the bus tickets from the hand of Mr. Orozco's companion and insisted on refunding the purchase price, rather than allow them to board the bus with Gator.

24.     Once Defendants barred Mr. Orozco and his service animal from boarding the bus, Mr. Orozco called the New York City Police Department via the non-emergency number and, after being routed through the 911 operator, he was told that police officers had been dispatched to the bus stop.

25.     After Mr. Orozco called for police assistance, but before the officers arrived, a male Today's Bus agent told Mr. Orozco that if he would wait, he would try to get him on the next bus to Washington, D.C., but that Mr. Orozco would have to sit at the back of the bus with

Gator.  Over the opposition of the female Today's Bus employee, the male employee allowed

Mr. Orozco, Gator and his traveling companion to board a bus bound for Washington.  Although

the bus was completely empty, Mr. Orozco was forced to sit at the back of the bus with his

service animal.  En route to Washington, D.C., Mr. Orozco did not leave the bus when it stopped

for breaks, due to a concern that Defendants would again try to stop him from boarding the bus

with his service animal.

26.     Mr. Orozco's companion noted that the DOT registration numbers displayed on

the door of the luggage compartment of the bus they boarded in New York City were USDOT #

1508944 and MC # 565760.  These numbers correspond to the DOT registration numbers for

Wilcar Tours.  Based on information and belief, the driver of this bus was an employee of Wilcar

Tours, under the direction of Defendant William Ruiz.

27.     When Mr. Orozco arrived in Washington, D.C. at approximately 11:00 PM on

January 1, 2007, he attempted to lodge a complaint about his experience to Defendants' station

agent on duty at 610 I Street NW.   Defendants' station agent failed to respond to Mr. Orozco's

concerns, would not give his name, and refused to provide any information when Mr. Orozco

asked for the name and a contact telephone number for the appropriate company representative

with whom Mr. Orozco could discuss his complaint.  Finally, one of the drivers in the station

gave Mr. Orozco a card with a telephone number for Today's Bus.

28.     On January 2, 2007, Mr. Orozco eventually reached a manager for Today's Bus

by telephone who identified himself as Ming Yu.  Mr. Orozco described his experiences on

Today's Bus and discussed his concern about the company's policy of preventing persons with

service animals from boarding Today's Bus carriers.  Defendant Ming Yu told Mr. Orozco that

the company was within its right to refuse service to him.  At no point in this conversation did

Mr. Yu offer any apology for Defendants' discriminatory conduct or assure Mr. Orozco that the

company would modify its policy to accommodate people with disabilities traveling with service

animals as required by the ADA.

29.     In both Washington and New York, it was obvious that Mr. Orozco is blind and

that his dog is a service animal that assists him. The dog was in harness, on a leash, and wearing

appropriate tags displaying his guide dog status.  On both occasions, Mr. Orozco reiterated these

obvious points to Defendants. He pointed out his blindness and presented Defendants with an

identification card from The Seeing Eye training school showing that his dog is an official

service animal.  Mr. Orozco assured the employees that his service animal was properly trained

and would ride on the bus beneath his seat without bothering any passengers.  At no point did

Gator bark or display any behavior that was in any way disruptive.

30.     Following Mr. Orozco's explanations to Defendants in Washington and New

York City, Today's Bus employees clearly communicated to Mr. Orozco in English that the

service animal would not be allowed on the bus.  Defendants' employees refused to modify their

prohibition against dogs in order to accommodate Mr. Orozco's disability and need for his

service animal to accompany him on the bus.

31.     On January 17, 2007, in an attempt to resolve Mr. Orozco's complaint and

concern about Defendants' unlawful discriminatory treatment, counsel for Plaintiff sent certified

letters to Defendants Dong Jia Yong, Ming Yu, and Wilcar Tours.  A response by counsel for

Today's Bus essentially corroborated the company's blanket policy prohibiting animals on board

Today's Bus carriers and that Mr. Orozco was allowed on the bus in Washington, D.C. only

because the police directed Today's Bus employees to permit Mr. Orozco to board with his

service animal.  Today's Bus did not offer Mr. Orozco an apology or any of Plaintiff's proposed

remedies.

32.     Defendants have not addressed or resolved Mr. Orozco's concerns about their

discriminatory policy, leaving Mr. Orozco no choice but to proceed with this lawsuit in order to

challenge the disability-based discrimination he experienced and to prevent discrimination in the

future when he attempts to use the transportation services provided by Defendants.

### V.  GOVERNING STATUTORY AND REGULATORY FRAMEWORK

### A.  Prohibition of Discrimination by Transportation Service Providers under the Americans with Disabilities Act (ADA)

33.     The general rule of Title III of the Americans with Disabilities Act of 1990

(ADA), 42 U.S.C. §§ 12181 – 12189, provides in pertinent part**:**

> No individual shall be discriminated against on the basis of
> disability in the full and equal enjoyment of the goods, services,
> facilities, privileges, advantages, or accommodations of any place
> of public accommodation by any person who owns, leases (or
> leases to), or operates a place of public accommodation.
> 42 U.S.C. § 12182(a).

34.     The ADA definition of a "public accommodation" includes private entities that

operate "a travel service" and/or "a terminal, depot, or other station used for specified public

transportation," if the operations of such entities affect commerce.  42 U.S.C. § 12181(7).

35.     "[S]pecified public transportation" is defined as "transportation by bus, rail, or

any other conveyance (other than aircraft) that provides the general public with general or special

service (including charter service) on a regular and continuing basis."  42 U.S.C. § 12181(10).

36.     Title III of the ADA specifically prohibits disability-based discrimination by

transportation service providers:

> No individual shall be discriminated against on the basis of
> disability in the full and equal enjoyment of specified public

transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.
42 U.S.C. § 12184(a).

37.    Discrimination by a public accommodation is defined to include:

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]
42 U.S.C. § 12182(b)(2)(A).

38.    Similarly, with regard to providers of specified public transportation, Title III of

the ADA defines discrimination to include:

(1) the imposition or application by a[n] entity described in subsection (a) of this section [42 U.S.C. § 12184] of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully enjoying the specified public transportation services provided by the entity, unless such criteria can be shown to be necessary for the provision of the services being offered;

(2) the failure of such entity to--

> (A) make reasonable modifications consistent with those required under section 12182(b)(2)(A)(ii) of this title;
> (B) provide auxiliary aids and services consistent with the requirements of section 12182(b)(2)(A)(iii) of this title; and
> (C) remove barriers consistent with the requirements of section 12182(b)(2)(A) of this title[.]
> 42 U.S.C. § 12184(b)(1) & (2).

39.    In September 1991, the U.S. Department of Justice (DOJ) promulgated regulations to implement ADA Title III's general prohibition against discrimination. These regulations, codified at 28 C.F.R. Part 36, repeat verbatim the general statutory prohibitions against disability-based discrimination in the statute at 42 U.S.C. §§ 12182(a) and 12184(b)(2)(A)(ii). 28 C.F.R. §§ 36.201(a), 36.302(a).

40.    The DOJ regulations implementing Title III of the ADA provide that "a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

41.    With respect to specified public transportation services provided by private entities, the ADA implementing regulations promulgated by the U.S. Department of Transportation (DOT) pursuant to 42 U.S.C. § 12186(a) are codified at 49 C.F.R. Part 37, and provide in pertinent part:

> § 37.5  Nondiscrimination.
> (a) No entity shall discriminate against an individual with a disability in connection with the provision of transportation service.
> …/
> (f) Private entities that are primarily engaged in the business of transporting people and whose operations affect commerce shall not discriminate against any individual on the basis of disability in the full and equal enjoyment of specified transportation services. This obligation includes, with respect to the provision of transportation services, compliance with the requirements of the rules of the Department of Justice concerning eligibility criteria, making reasonable modifications, providing auxiliary aids and services, and removing barriers (28 CFR 36.301–36.306).

49 C.F.R. §§ 37.5(a) and (f).

42.     The DOT regulations implementing Title III of the ADA require that entities

providing transportation service "shall permit service animals to accompany individuals with

disabilities in vehicles and facilities."  49 C.F.R. § 37.167(d).

43.     In order to qualify as an accommodation for a person with a disability, a service

animal must meet the following definition:

> [A]ny guide dog, signal dog, or other animal individually trained to
> work or perform tasks for an individual with a disability, including,
> but not limited to, guiding individuals with impaired vision,
> alerting individuals with impaired hearing to intruders or sounds,
> providing minimal protection or rescue work, pulling a wheelchair,
> or fetching dropped items.
> 49 C.F.R. § 37.3; 28 C.F.R. § 36.104.

44.     The DOT regulations implementing Title III of the ADA require that entities

providing transportation services:

> shall ensure that personnel are trained to proficiency, as
> appropriate to their duties, so that they operate vehicles and
> equipment safely and properly assist and treat individuals with
> disabilities who use the service in a respectful and courteous way,
> with appropriate attention to the difference among individuals with
> disabilities.
> 49 C.F.R. § 37.173.

45.     The DOT regulations specify that it is discrimination for operators of over-the-

road buses[3] to:

> (a)  Deny transportation to passengers with disabilities, except as
> provided in § 37.5(h) [of 49 C.F.R. § 37.5][4];
> …/
> (c)  Require or request a passenger with a disability to reschedule
> his or her trip, or travel at a time other than the time the passenger

---

[3] An "over-the-road bus" is defined by the ADA as "a bus characterized by an elevated passenger deck located over a baggage compartment," such as the buses used by Defendants in their transportation service.  42 U.S.C. § 12181(5).
[4] 49 C.F.R. § 37.5(h) allows transportation operators to refuse service to people with disabilities who engage in "violent, seriously disruptive, or illegal conduct."

has requested, in order to receive transportation as required by this
subpart;
…/
(e)  Fail or refuse to comply with any applicable provision of this
part [Part 37].
49 C.F.R. § 37.207.

46.    Entities subject to the DOT regulations implementing Title III of the ADA[5] may

also be subject to the DOJ regulations implementing Title III of the ADA,[6] and the two

regulatory provisions should be interpreted in a consistent manner.  49 C.F.R. § 37.21; *see also*

49 C.F.R. Pt. 37, App. D ("Virtually all entities covered by this rule also are covered by DOJ

rules ….  Both sets of rules apply; one does not override the other.")

**B.  The D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq***

47.    The Human Rights Act (DCHRA) was enacted in order to:

> secure an end in the District of Columbia to discrimination for any
> reason other than that of individual merit, including, but not
> limited to, discrimination by reason of race, color, religion,
> national origin, sex, age, marital status, personal appearance,
> sexual orientation, gender identity or expression, familial status,
> family responsibilities, matriculation, political affiliation, genetic
> information, disability, source of income, and place of residence or
> business.
> D.C. Code § 2-1401.01.

48.    The DCHRA prohibits discrimination against people with disabilities as follows:

> § 2-1402.31. Prohibitions.
> (a) General. It shall be an unlawful discriminatory practice to do
> any of the following acts, wholly or partially for a discriminatory
> reason based on the actual or perceived: race, color, religion,
> national origin, sex, age, marital status, personal appearance,
> sexual orientation, gender identity or expression, familial status,
> family responsibilities, genetic information, disability,
> matriculation, political affiliation, source of income, or place of
> residence or business of any individual:
> > (1) To deny, directly or indirectly, any person the full and equal
> > enjoyment of the goods, services, facilities, privileges,

---

[5] Codified at 49 C.F.R. Pt. 37.
[6] Codified at 28 C.F.R. Pt. 36.

> advantages, and accommodations of any place of public
> accommodations[.]
> D.C. Code § 2-1402.31(a)(1).

49.    The DCHRA's definition of "place of public accommodation" includes, *inter alia*:

> [A]ll public conveyances operated on land or water or in the air, as
> well as the stations and terminals thereof; travel or tour advisory
> services, agencies or bureaus[.]
> D.C. Code § 2-1401.02(24).

50.    Places of public accommodations are required to notify customers of their rights under the DCHRA and how to file a complaint:

> § 2-1402.51. Posting of notice.
> Every person subject to this chapter shall post and keep posted in a
> conspicuous location where business or activity is customarily
> conducted or negotiated, a notice whose language and form has
> been prepared by the Office [of Human Rights], setting forth
> excerpts from or summaries of, the pertinent provisions of this
> chapter and information pertinent to the filing of a complaint.
> D.C. Code § 2-1402.51.

## VI.  CAUSES OF ACTION

### COUNT I

**Defendants' Denial of Equal Access to Transportation Services Based on Disability Violates Title III of the ADA and the Implementing Regulations, 42 U.S.C. §§ 12181, 12182, 12184, 28 C.F.R. Pt. 36, 49 C.F.R. Pt. 37**

51.    Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully herein for the purpose of stating this claim.

52.    Today's Bus, Inc., New Today Bus Corp. dba Today's Bus, and Wilcar Tours are public accommodations under Title III of the ADA.  42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

18

53.    Today's Bus, Inc., New Today Bus Corp. dba Today's Bus, and Wilcar Tours

provide specified public transportation services under Title III of the ADA and the DOT

implementing regulations.  42 U.S.C. § 12181(10); 49 C.F.R. § 37.3.

54.    As a person who is blind, Mr. Orozco has a physical impairment that substantially

limits him in one or more of his major life activities and thus he is a person with a disability as

defined by the ADA.  42 U.S.C. § 12102(2)(A).

55.    Mr. Orozco's dog Gator is a guide dog individually trained by The Seeing Eye,

Inc., to work or perform tasks for an individual with a disability, and thus Gator is a service

animal as defined by the ADA.  Mr. Orozco relies on his service animal to assist him on a daily

basis in moving safely and independently through his surroundings.   49 C.F.R. § 37.3; 28 C.F.R.

§ 36.104.

56.    On December 31, 2006 and January 1, 2007, Defendants obstructed, harassed, and

delayed Mr. Orozco, based on his disability, in his use of the transportation services provided by

Defendants.  Defendants thereby denied Mr. Orozco equal access to transportation services that

Defendants afforded to passengers without disabilities, in violation of Title III of the ADA. 42

U.S.C. §§ 12182, 12184; 28 C.F.R. Pt. 36; 49 C.F.R. Pt. 37.

57.    On January 1, 2007, Defendants prevented Mr. Orozco from boarding the bus for

which he had bought a ticket because he was accompanied by his service animal.  By denying

Mr. Orozco, on the basis of his disability, an equal opportunity to use the transportation services

provided by Defendants, Defendants discriminated against Mr. Orozco in violation of Title III of

the ADA. 42 U.S.C. §§ 12182, 12184; 28 C.F.R. Pt. 36;  49 C.F.R. Pt. 37.

58.    Mr. Orozco has suffered and continues to suffer injury from Defendants'

discriminatory conduct denying him an equal opportunity to benefit from, and excluding him

from participation in, the transportation services provided by Defendants, based on his

disabilities, in violation of Title III of the ADA.  42 U.S.C. §§ 12182, 12184; 28 C.F.R. Pt. 36;

49 C.F.R. Pt. 37.

**COUNT II**

**Defendants' Refusal to Modify Their Policy to Allow a Service Animal Violates Title III of the ADA and the Implementing Regulations, 42 U.S.C. §§ 12182, 12184, 28 C.F.R. Pt. 36, 49 C.F.R. Pt. 37**

59.    Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully

herein for the purpose of stating this claim.

60.    By explicitly refusing to provide a reasonable modification in their "no dog"

policy in order to allow Mr. Orozco to board the bus accompanied by his service animal,

Defendants discriminated against Mr. Orozco based on his disability in violation of Title III of

the ADA.  42 U.S.C. §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A); 28 C.F.R. §§ 36.104, 36.302(c); 49

C.F.R. §§ 37.3, 37.5(f), 37.167(d).

61.    Mr. Orozco has suffered and continues to suffer injury from Defendants'

discriminatory conduct that denied him an equal opportunity to benefit from, and excluded him

from participation in, the transportation services provided by Defendants, based on his

disabilities, in violation of Title III of the ADA.  42 U.S.C. §§ 12182, 12184; 28 C.F.R. Pt. 36;

49 C.F.R. Pt. 37.

**COUNT III**

**Defendants' Segregation of Mr. Orozco Based on his Disability Violates Title III of the ADA and the Implementing Regulations, 42 U.S.C. §§ 12182, 12184, 28 C.F.R. Pt. 36, 49 C.F.R. Pt. 37**

62.    Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully

herein for the purpose of stating this claim.

20

63.     On January 1, 2007, Defendants forced Mr. Orozco to sit at the back of the bus, based on his disability and use of a service animal, in order to be transported on the bus they operate.  By restricting Mr. Orozco to a separate, designated seat in the rear of the bus based on his disability, even though all seats on the bus were available, Defendants segregated Mr. Orozco from the other passengers and thereby discriminated against him in violation of Title III of the ADA.  42 U.S.C. §§ 12182(b), 12184; 28 C.F.R. § 36.202(c); 49 C.F.R. § 37.5.

64.     Mr. Orozco has suffered and continues to suffer injury from Defendants' discriminatory conduct segregating him based on his disability, and denying him equal enjoyment of the transportation services provided by Defendants, in violation of Title III of the ADA.  42 U.S.C. §§ 12182, 12184; 28 C.F.R. Pt. 36; 49 C.F.R. Pt. 37.

## COUNT IV

**Defendants' Failure to Train Their Employees Not to Discriminate Against Persons with Disabilities Pursuant to ADA Requirements Violates Title III of the ADA and the Implementing Regulations, 42 U.S.C. § 12184, 49 C.F.R. Pt. 37**

65.     Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully herein for the purpose of stating this claim.

66.     By denying Mr. Orozco equal access to the bus, and subjecting him to harassment and intimidation when he attempted to pursue his right to be accompanied by his service animal, Defendants have demonstrated that they failed to "ensure that personnel are trained to proficiency" as required by the ADA, so that personnel "safely and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way," in violation of the ADA.  49 C.F.R. § 37.173.

67.     Mr. Orozco has suffered and continues to suffer injury from Defendants' failure to train their employees to grant equal access to persons with disabilities pursuant to the

requirements of the ADA and to treat individuals with disabilities who use their transportation service in a respectful and courteous manner. Defendants' failure to train their personnel has denied, and continues to deny Mr. Orozco equal enjoyment of the transportation services provided by Defendants, in violation of Title III of the ADA. 42 U.S.C. §§ 12182, 12184; 28 C.F.R. Pt. 36; 49 C.F.R. Pt. 37.

## COUNT V

**Defendants' Denial of the Mr. Orozco's Right to Equal Enjoyment of Their Transportation Services Based on Disability Violates the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq***

68.     Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully herein for the purpose of stating this claim.

69.     The public conveyances, stations, terminals and travel services operated by Today's Bus, Inc., New Today Bus Corp. dba Today's Bus, and Wilcar Tours are places of public accommodation under the DCHRA. D.C. Code § 2-1401.02(24).

70.     As a person who is blind, Mr. Orozco has a physical impairment that substantially limits him in one or more of his major life activities and thus he is a person with a disability as defined by the DCHRA. D.C. Code § 2-1401.02(5A).

71.     By interfering with Mr. Orozco's right to use Defendants' transportation services accompanied by his service animal and subjecting him to harassment and humiliation, Defendants have denied Mr. Orozco an equal opportunity to use the services they provide to the public. Defendants' denial of the full and equal enjoyment of the services of a place of public accommodation on the basis of disability is an unlawful discriminatory practice that violates the DCHRA. D.C. Code § 2-1402.31(a)(1).

72.    Mr. Orozco has suffered and continues to suffer injury from Defendants' discriminatory conduct that denies him an equal opportunity to benefit from the transportation services provided by Defendants, in violation of the DCHRA.

73.    Defendants' repeated incidents of purposeful discrimination against Mr. Orozco, as well as Defendants' persistent refusal to address Mr. Orozco's concerns regarding their discriminatory policy, show a wanton and willful disregard for Mr. Orozco's rights and protections against disability-based discrimination.

**COUNT VI**

**Defendants' Refusal to Modify Their Policy to Allow a Service Animal Violates the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq***

74.    Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully herein for the purpose of stating this claim.

75.    Defendants' failure to modify their "no dog" policy in order to allow Mr. Orozco to board the bus accompanied by his service animal denies Mr. Orozco the full and equal enjoyment of the transportation services provided by Defendants.  The denial of the reasonable modification requested by Mr. Orozco therefore constitutes an unlawful discriminatory practice in violation of the DCHRA.  D.C. Code § 2-1402.31(a)(1).

76.    Mr. Orozco has suffered and continues to suffer injury from Defendants' unlawful discriminatory practice denying him an equal opportunity to benefit from the transportation services provided by Defendants, in violation of the DCHRA.

77.    Defendants' repeated incidents of purposeful discrimination against Mr. Orozco, as well as Defendants' persistent refusal to address Mr. Orozco's concerns regarding their discriminatory policy, show a wanton and willful disregard for Mr. Orozco's rights and protections against disability-based discrimination.

## COUNT VII

**Defendants' Segregation of Mr. Orozco Based on his Disability Violates the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq***

78.     Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully herein for the purpose of stating this claim.

79.     Defendants have engaged in an unlawful discriminatory practice in violation of the DCHRA by forcing Mr. Orozco to ride in the back of the bus with his service animal and thereby treating him unequally as compared to passengers who do not have a disability.  D.C. Code § 2-1402.31(a)(1).

80.     Mr. Orozco has suffered and continues to suffer injury from Defendants' unlawful discriminatory practice denying him an equal opportunity to benefit from the transportation services provided by Defendants, in violation of the DCHRA.

81.     Defendants' repeated incidents of purposeful discrimination against Mr. Orozco, as well as Defendants' persistent refusal to address Mr. Orozco's concerns regarding their discriminatory policy, show a wanton and willful disregard for Mr. Orozco's rights and protections against disability-based discrimination.

## COUNT VIII

**Defendants' Failure to Post a Notice of Passengers' Rights and Complaint Process Violates the D.C. Human Rights Act, D.C. Code § 2-1402.51**

82.     Plaintiff repeats the allegations of all of the above paragraphs as if set forth fully herein for the purpose of stating this claim.

83.     Defendants' failure to post a notice of passengers' rights and the complaint process as required by D.C. Code § 2-1402.51 violates the DCHRA.

84.     Mr. Orozco has suffered and continues to suffer injury from Defendants' failure to inform their employees and the public of their duty as a public accommodation to refrain from discrimination on the basis of disability, the right of the public to be free from such discrimination, and the complaint process, as provided by the DCHRA.

## VII.  RELIEF SOUGHT

85.     Mr. Orozco's claims under Title III of the ADA for injunctive relief for the discrimination he has suffered and continues to suffer in the provision of transportation services by Defendants, as well as payment of attorneys' fees and costs, are authorized by 42 U.S.C. §§ 12188(a), 2000a-3(a), and 12205.

86.     Mr. Orozco's claims under the DCHRA for injunctive relief and damages, as well as payment of attorneys' fees and costs, are authorized by D.C. Code § 2-1403.16.

87.     To remedy Defendants' violations of Plaintiff's federal civil rights and rights under the DCHRA, Plaintiff respectfully requests that the Court:

A.  Exercise jurisdiction over this matter;

B.  Issue a declaration and order stating that Defendants have violated Title III of the ADA, 42 U.S.C. §§ 12182, 12184, and the implementing regulations, and the DCHRA, D.C. Code § 2-1401.01 *et seq*;

C.  Enter an order for preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 12188(a) and D.C. Code §§ 2-1403.16 and 2-1403.13(a)(1) to enjoin Defendants from discrimination against people with disabilities traveling with service animals and assure their compliance with the ADA, its implementing regulations, and the DCHRA, by ordering Defendants to:

i.  Develop policies and procedures that clearly prohibit discriminatory practices toward people with disabilities and sanction discriminatory behavior, including revising their policy to clarify that service animals are allowed to accompany passengers with disabilities in stations and on buses provided and/or operated by Defendants, and submit the policies and procedures to the Court and Plaintiff's counsel;

ii.  Train all employees, station staff and bus drivers on ADA compliance, and specifically on the right of persons with disabilities to travel with their service animals, on buses engaged in providing transportation to the public, and submit curricula and signed certifications of attendance to the Court and Plaintiff's counsel;

iii.  Post signs in English, Spanish, and Chinese (and provide in Braille, upon request) in the stations and buses used by Defendants, notifying customers of their right to be free from disability discrimination and specifically notifying passengers with disabilities of their right to be accompanied by their service animals on the bus;

iv.  Provide a phone number and contact name on the website used by Today's Bus, Inc. and New Today Bus Corp. dba Today's Bus for ticket sales, on bus tickets, and on buses, for reporting disability discrimination complaints by customers, and act promptly to resolve such complaints in the future; and

v.  Issue a formal written apology to Plaintiff for the discrimination he experienced as a customer of Defendants;

D.  Award Plaintiff compensatory damages of $50,000 in accordance with D.C. Code §§ 2-1403.16 and 2-1403.13(a)(1)(D);

E.  Award Plaintiff punitive damages of $100,000 in accordance with D.C. Code § 2-1403.16;

F.  Award Plaintiff reasonable attorneys' fees and costs in accordance with 42 U.S.C. § 12205 and D.C. Code §§ 2-1403.16 and 2-1403.13(a)(1)(E);

G.  Grant Plaintiff additional relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff requests a trial by jury on all counts.

Respectfully submitted,


_____/s/_____
Marjorie Rifkin, Esq. DC Bar  No. 437076


_____/s/_____
Amy B. Metzel, Esq. DC Bar No. 485614


University Legal Services – Protection and Advocacy
220 I Street NE #130
Washington, DC  20002
202-547-0198; 202 -547-2662 (fax)
email: mrifkin@uls-dc.com


Dated: September 5, 2007