UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jahinnslerth Orozco,              )<br>                                                )<br>               Plaintiff,         )<br>       v.                                    )<br>                                                )<br>Today's Bus, Inc., et al          )<br>               Defendants.      )<br>_____)   | Civil Action # 07-444 (EGS) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
<u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

Plaintiff Jahinnslerth Orozco submits this Memorandum of Points and Authorities in Support of his Motion for Leave to Amend Complaint within the time frame set in the Court's Scheduling and Magistrate Referral Order ("Scheduling Order").[1] Plaintiff's proposed amended Complaint adds four defendants to the case to ensure that all the responsible parties are before the Court. Plaintiff has not changed the claims asserted or the relief sought.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless, PLC*, 148 F.3d 1080, 1083-4 (D.C.Cir.1998). While the grant of a party's motion for leave to amend the complaint is a matter of judicial discretion, denial must be predicated upon sufficient reason(s), "such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, futility of amendment or undue prejudice." *Foman v. Davis,* 371 U.S. 178, 182 (1962).[2]

---

[1] Scheduling Order entered June 20, 2007, at 1.
[2] Plaintiff is also entitled to add a party under Rule 21 "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. After a responsive pleading has been served, the standard for adding a party is the same as that under Rule 15(a). *Boyd v. District of Columbia*, 465 F.Supp.2d 1, 2 n.3 (D.D.C. 2006); *see also* Wright, Miller & Kane, 6

As discussed below, there are no such reasons to deny Plaintiff leave to amend the Complaint.  On the other hand, justice will be served by allowing Plaintiff to bring the additional defendants into the litigation.  Therefore, Plaintiff respectfully requests the Court to grant leave to amend the Complaint.

### No Undue Delay, Bad Faith or Dilatory Motive by Plaintiff

Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a).  There is no prescribed time limit for the amendment of a complaint under Rule 15(a).  *See* Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. 2d § 1488 (2007).  Courts have granted leave to amend a complaint at various stages of litigation, including during the trial, after a judgment has been entered, and even on remand after an appeal.  *Id.*

Plaintiff is filing his motion seeking leave to amend the Complaint before the September 17, 2007 deadline for adding parties in the Court's Scheduling Order.  Scheduling Order entered on June 20, 2007,  at 1. In light of the fact that four of the Defendants named in the original complaint failed to file their responsive pleadings, these Defendants have no standing to challenge Plaintiff's proposed amended complaint.

Delay alone, without a showing of bad faith or prejudice, is generally not a sufficient reason to deny leave to amend a complaint. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless, PLC*, 148 F.3d 1080, 1084 (D.C.Cir.1998)("The length of a litigation is relevant only insofar as it suggests either bad faith on the part of the moving party or potential prejudice to the non-moving party should an amendment be allowed."); *see also* Wright, Miller & Kane, *6 Fed. Prac.*

---

Fed. Prac. & Proc. 2d § 1474 (2007) (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21.").

*& Proc. Civ. 2d* § 1488 (2007).   In determining whether undue delay exists, consideration is given to the actions of non-moving parties and the possibility of resulting prejudice.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C.Cir.1996).

The participation of New Today Bus Corporation, Pao Hua Yu, Tom Chan and Jimmy Zhang is needed to ensure that Plaintiff obtains the relief he seeks.  In spite of extensive investigation before filing the original Complaint, Plaintiff was not aware of the involvement of these Defendants.  This is due primarily to the company's lack of timely state and local registration of their business operations under their corporate name.  Defendant Ming Yu's continuing failure to provide initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1),  that were due by July 10, 2007,  has further deprived Plaintiff of the information needed to identify and name the appropriate parties. *Wright, Miller & Kane, 8 Fed. Prac. & Proced.* §2053 (2007) (emphasizing the purpose of Rule 26 initial disclosures "is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation, either for purposes of serving a proposed amended complaint … or for being interviewed or for being deposed or for doing background investigation.").

### Plaintiff Has Not Previously Amended the Complaint

This is Plaintiff's first amendment of the Complaint.  Plaintiff  thus has not previously attempted to correct any deficiencies in his Complaint. *See*  27A Fed. Prac. & Proc., L. Ed. § 62:287 (2006).

### No Undue Prejudice to Defendants

Allegations of mere inconvenience to the Defendant will not support a denial of Plaintiff's Motion for Leave to Amend the Complaint.  27A Fed. Prac. & Proc., L. Ed. § 62:279

(2006). In counsel's discussions with opposing counsel for Defendant Ming Yu prior to the filing of this Motion, there were no suggestions of undue prejudice to the Defendant. Plaintiff's proposed Amended Complaint does not assert any new claims against Defendant Ming Yu or the remaining Defendants who have defaulted. Nor does the amended Complaint raise any concerns of undue prejudice against the proposed additional Defendants, who would have been named in the original complaint if their identities had been more readily available as part of the normal course of business.

The proposed additional defendants have been on notice of this lawsuit. For example, Defendant Jimmy Zhang accepted service of the original Complaint as a manager authorized to accept service for Today's Bus, Inc. on March 8, 2007, [3] and attended the Meet & Confer meeting with Plaintiff's counsel on May 30, 2007. New Today Bus Corporation is the company for which Defendant Ming Yu, named in the original complaint as a defendant in his official capacity, is a manager. *See* Court Docket No. 15, Answer of Defendant Ming Yu, filed on April 17, 2007 at ¶4.

Consequently, the proposed defendants were undoubtedly aware that New Today Bus Corporation is the party that Plaintiff intended to sue in addition to the defendants named in the original complaint. *Parker v. District of Columbia*, 216 F.R.D. 128, 130 (D.D.C. 2002) (denying defendant's claim of prejudice and allowing plaintiff to amend complaint because defendant "knew all along" that plaintiff intended to sue the District.).

Given that Plaintiff's claims against the original Defendants have not changed and the proposed additional Defendants have been on notice of the lawsuit, there is no undue prejudice in granting Plaintiff leave to file his First Amended Complaint at ¶4.

---

[3] *See* Affid. of Service, Court Docket No.4, entered March 19, 2007.

**Amendment of the Complaint is Not Futile**

Plaintiff's complaint in its original form and as amended is more than sufficient to state a claim on which relief is warranted, and thus the amended complaint is not futile. *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir.1996). Moreover, the Amended Complaint does not reword the same facts as in the original complaint, or allege claims that were previously ruled upon. Accordingly, it cannot be denied as futile. *Id.,* 3 *Moore's Federal Practice* § 15.15[3] (3d ed. 2000).)

**Justice is Served by Allowing Plaintiff to Amend the Complaint**

While Plaintiff is entitled to file a separate complaint against the four additional Defendants, this would not be an efficient use of judicial time and resources. Justice is served by allowing Plaintiff to amend his complaint within the time frame set by the Court.

Based on the reasons set forth herein, Plaintiff requests leave to file his Amended Complaint.

                                                Respectfully submitted,

                                                /s/
Marjorie Rifkin (DC Bar No. 437076)
Amy B. Metzel (DC Bar No. 485614)
University Legal Services
220 I Street, NE, Suite 130
Washington, DC 20002
202-547-0198 ext.128; 202-547-2662 (fax)
Email: mrifkin@uls-dc.org (Rifkin)

*Counsel for Plaintiff*

Date:    September 5, 2007