UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
|                          **Plaintiff,** | ) | **Civ. Action #** |
| v. | ) | |
| | ) | **1:07CV000444 (EGS)** |
| **Today's Bus, Inc.** | ) | |
| | ) | **Jury Trial Demand** |
| and | ) | |
| **Dong Jia Yong, President** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| and | ) | |
| **Ming Yu, Manager** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| and | ) | |
| **Wilcar Tours, Inc.** | ) | |
| | ) | |
| and | ) | |
| **William Ruiz, President** | ) | |
| in his official capacity | ) | |
| | ) | |
| and | ) | |
| **New Today Bus Corp., dba Today's Bus** | ) | |
| | ) | |
| and | ) | |
| **Pao Hua Yu, President** | ) | |
| in her official capacity | ) | |
| | ) | |
| and | ) | |
| **Tom Chan, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
| and | ) | |
| **Jimmy Zhang, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
|                          **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENTS AGAINST DEFENDANTS TODAY'S BUS, DONG JIA YONG, WILCAR TOURS, WILLIAM RUIZ

Plaintiff Jahinnslerth Orozco moves pursuant to Fed. R. Civ. P. 55 for a default judgment against the Defendants TODAY'S BUS, INC., DONG JIA YONG, WILCAR TOURS, and WILLIAM RUIZ ("Defendants") on the grounds that they have failed to answer the Complaint filed on March 7, 2007. These Defendants have never filed an answer or responsive pleading. Consequently, default judgments pursuant to Fed. R. Civ. P. 55(b)(2) are appropriate.

Plaintiff's Memorandum in Support of this motion is attached along with a proposed order and certificate of service.

Respectfully submitted,

_____/s/_____
Marjorie Rifkin (DC Bar No. 437076)
University Legal Services, Inc.
220 I Street NE, Suite 130
Washington, DC  20002
202-547-0198 ext. 128; 202-547-2662 (fax)
mrifkin@uls-dc.org

Counsel for Plaintiff

DATED: October 16, 2007

## CERTIFICATE OF SERVICE

I, Marjorie Rifkin, attorney for Plaintiff Jahinnslerth Orozco, hereby declare that I placed in the U.S. Mail for first class delivery, a copy of Plaintiff's MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS TODAY'S BUS, DONG JIA YONG, WILCAR TOURS, WILLIAM RUIZ, supporting MEMORANDUM, and proposed ORDER to each of the following Defendants:

Dong Jia Yong, President
Today's Bus, Inc.
610 I Street NW
Washington, DC 20001

Today's Bus, Inc.
610 I Street NW
Washington, DC 20001

Wilcar Tours, Inc.
1107 Sweet Gale Drive
Durham, NC  27704

William Ruiz, President
Wilcar Tours, Inc.
81-14 Baxter Ave. #5G
Jackson Heights, NY  11373

New Today Bus Corp., dba Today's Bus
13 Allen Street
New York, NY 10002

Pao Hua Yu, President
New Today Bus Corp., dba Today's Bus
13 Allen Street
New York, NY 10002

Tom Chan, Manager
New Today Bus Corp., dba Today's Bus
13 Allen Street
New York, NY 10002

Jimmy Zhang, Manager
New Today Bus Corp., dba Today's Bus
610 I Street NW
Washington, DC 20001

_____
Marjorie Rifkin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civ. Action # |
| **v.** | ) | |
| | ) | **1:07CV000444 (EGS)** |
| **Today's Bus, Inc.** | ) | |
| | ) | **Jury Trial Demand** |
| and | ) | |
| **Dong Jia Yong, President** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| and | ) | |
| **Ming Yu, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
| and | ) | |
| **Wilcar Tours, Inc.** | ) | |
| | ) | |
| and | ) | |
| **William Ruiz, President** | ) | |
| in his official capacity | ) | |
| | ) | |
| and | ) | |
| **New Today Bus Corp., dba Today's Bus** | ) | |
| | ) | |
| and | ) | |
| **Pao Hua Yu, President** | ) | |
| in her official capacity | ) | |
| New Today Bus Corp., dba Today's Bus | ) | |
| | ) | |
| and | ) | |
| **Tom Chan, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
| and | ) | |
| **Jimmy Zhang, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
| **Defendants.** | ) | |

# **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENTS**

Introduction

Plaintiff Jahinnslerth Orozco filed his Complaint on March 7, 2007 to remedy Defendants' discrimination against him based on his disability, in violation of Title III of the Americans with Disabilities Act (ADA) and the DC Human Rights Act. The Complaint was duly served on Defendants Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc., and William Ruiz in March 2007.

Defendant Ming Yu is the only named Defendant who answered the Complaint. Defendants Today's Bus, Wilcar Tours, Dong Jia Yong and William Ruiz never answered, nor filed anything in response to the Complaint, nor communicated with Plaintiff's counsel in response to the Complaint.

On April 16, 2007, the Clerk of the Court entered default against Defendants Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc. and William Ruiz pursuant to Plaintiff's counsel's submission of supporting affidavits.[1]

As set forth below, Plaintiff now moves the Court for default judgments against Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc and William Ruiz pursuant to Fed. R. Civ. P. 55(b)(2).

    I.    Legal Standard for Entry of Default Judgment under Rule 55

Federal Rule of Civil Procedure 55 provides for the following two-step process for establishing default:

---

[1] Plaintiff later amended his Complaint on September 26, 2007 to add four new Defendants. This amendment has no effect whatsoever on the instant motion seeking default judgments against the original four Defendants who failed to answer the Complaint filed in March 2007.

2

> When a party against whom a judgment for affirmative
> relief is sought has failed to plead or otherwise defend as
> provided by these rules … the clerk shall enter the party's
> default.

Fed. R. Civ. P. 55(a).

Once the clerk has entered default, Rule 55(b)(2) authorizes the Court to enter a default judgment upon Plaintiff's motion. A default judgment establishes the party's liability for the well-pled allegations of the Complaint. Fed. R. Civ. P. 55(b)(2); Carpenters Labor-Management Pension Fund et al v Freeman-Carder LLC, 498 F.Supp. 2d 237, 240 (D.D.C. 2007) (citing Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C. 2001).)

Although courts favor resolution of disputes on their merits, they have the discretion to enter default judgments. Keegel v. Key West & Carribean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980). Accordingly, default judgment is generally available "only when the adversary process has been halted because of an essentially unresponsive party" in order to protect the movant from "interminable delay and continued uncertainty as to his rights." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); Carpenters Labor-Management Pension Fund, 498 F. Supp. 2d at 240.

Failure to file an answer is *prima facie* default. Nevertheless, in order to ensure that default judgment is appropriate, the Court may take into consideration a number of factors such as: whether the default was willful or caused by excusable neglect; whether plaintiff has been substantially prejudiced by the delay; the amount of damages involved; the existence of issues of material factual or substantial public importance; whether the basis for default is clearly established; and the effects of a default judgment. See generally 10A Fed. Prac. & Proc. Civ.3d §2685; Honda Power Equipment Mfg, Inc.

3

v. Woodhouse, 219 F.R.D. 2 (D.D.C. 2003) (granting plaintiff's motion seeking default judgment where defendants willfully failed to defend the case and plaintiff was prejudiced by the prolonged delay).

In cases involving several defendants alleged to be jointly and severally liable, and one of whom has answered a complaint, the general rule is that the entry of default judgments should await an adjudication of the non-defaulting defendants' liability. Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872) (reversing default judgment in conspiracy case alleging fraudulent taking of land title) ; 10A Fed. Prac. & Proc.  Civ. 3d §2690.  But see Carter v. District of Columbia, 795 F.2d 116, 137 (D.C. Cir. 1986) (distinguishing Frow and upholding default judgment in damages case against five police officers, police chief and the city).[2]  Plaintiff's case is distinguishable from Frow in that plaintiff seeks damages and injunctive relief, and the defaulting defendants' defenses may not assert common defenses.

The Court may hold a hearing in order to make a determination of the amount of damages to be awarded in a default judgment where the amount of damages sought is not a sum certain.  Adkins, 180 F. Supp. 2d at 17; Fed. R. Civ. P. 55(b)(2).[3]

    II.       Defendants' Failure to Answer the Complaint
               Warrants Default Judgments

Today's Bus, Inc. and Dong Jia Yong received service of the Complaint on March 8, 2007.  See Return of Service/Affidavits at Court Docket No. 4.  Their answers were due on March 28, 2007.  Id.

---

[2] Plaintiff files this motion within the time frame established for dispositive motions, in order to preserve his right to default judgments against these Defendants.  Plaintiff's case is distinguishable from Frow;  the Court may nevertheless choose to defer ruling on this motion pending adjudication of all the defendants.
[3] In a case such as this where Plaintiff seeks a trial by jury, the Court may defer ruling on the amount of damages.

A. <u>Defendants' liability is set forth in the Complaint</u>

The Complaint alleges that Today's Bus Inc.[4] operates an interstate bus travel service and a terminal station and is thus a public accommodation under Title III of the ADA and implementing regulations promulgated by the U.S. Department of Justice and the Department of Transportation. According to the Complaint, Today's Bus, Inc. discriminates against people with disabilities including Plaintiff Jahinnslerth Orozco by excluding them with their service animals from riding its buses, in violation of Title III of the ADA. The Complaint further alleges that Today's Bus Inc.'s president Dong Jia Yong is responsible for maintaining the company's discriminatory policy regarding service animals; he has the authority to implement corrective action.

Wilcar Tours, Inc and William Ruiz received service of the Complaint on March 14, 2007. <u>See</u> Return of Service/Affidavits at Court Docket No. 5. Their answers were due on April 3, 2007. <u>Id</u>. The Complaint alleges that Wilcar Tours, Inc. owns and operates buses that are leased to Today's Bus, Inc., among other companies and individuals, for passenger transportation services in the District of Columbia and other states under the U.S. Department of Transportation registration #1508944 and operates an interstate motor common carrier service. As the president of Wilcar Tours, Inc., the Complaint alleges that William Ruiz is responsible for the company's discriminatory policy regarding service animals and has the authority to implement corrective action.

B. <u>The grounds for default are clear</u>

Defendants have failed to answer or respond to the Complaint which was filed over seven months ago, in March 2007. They never sought extensions of time in order

---

[4] The Amended Complaint adds New Today's Bus Corp. doing business as Today's Bus and its president, Pao Hua Yu, as defendants, among others. The addition of these defendants does not detract from the liability of the Defendants originally named in Plaintiff's Complaint.

5

to file their responses. This is *prima facie* default. Default judgments establishing Defendants' liability for the allegations of the Complaint are thus justified.

### C. The Defendants' default is willful

This is not a case in which defendants merely filed their answer or responsive pleading late. Cf. Guthery v. United States, 2007 WL 259940 (D.D.C. Jan. 30, 2007) (slip. op). The defendants were served properly. Moreover, they were on notice of Plaintiff's case due to publicity in the Washington Post and prior notice by Plaintiff Jahinnslerth Orozco. Nevertheless, all but one defendant failed to respond to the complaint. There is no legal basis to excuse defendants' default in failing to respond to the Complaint.

### D. Plaintiff has been prejudiced by the delay

Plaintiff Jahinnslerth Orozco has been prejudiced by the delay caused by Defendants' default in that he had to postpone the filing of his amended Complaint due to the fact that he received no disclosure statements or responsive pleading from the defaulting Defendants. Evidence has likely been destroyed by Defendants due to the delay. As a result, Mr. Orozco's trial and ultimately, his access to a remedy for the discrimination he experienced, will be delayed pending the completion of preliminary pretrial and trial proceedings.

### E. There are no material facts at issue to preclude default judgments

It is undisputed that Mr. Orozco is blind, and by inference, that he needs a service animal to get around.[5] The Complaint alleges that Mr. Orozco and his service animal were initially denied access to buses operated by Defendants to and from New York City in violation of his rights under the ADA. According to the Complaint, it was

---

[5] See Court Dkt. No.18, Meet and Confer Rept. filed on June 18, 2007, at 2.

only after he called the police in Washington and again in New York City that Mr. Orozco was allowed to board the buses with his guide dog.  It is undisputed that Defendants prohibit the transportation of pets on their interstate buses.[6]  There are no material facts at issue to preclude default judgments against the Defendants.

While the disability civil rights issue at the core of Mr. Orozco's case is significant, this is an individual case that does not necessarily have broad public impact. Default judgments are consequently appropriate at this juncture.  As the Court pointed out in Carpenters Labor-Management Pension Fund v. Freeman-Carder,  this is a case that warrants the entry of a default judgment because "the defendant[s'] disregard of the judicial process has left the court with no alternative." 498 F.Supp.2d at 241(citing Jackson v. Beech, 636 F.2d 831, 836 (DC Cir 1980).)

A proposed order is appended for the Court's reference.


Respectfully submitted,


_____/s/_____
Marjorie Rifkin (DC Bar No. 437076)
University Legal Services, Inc.
220 I Street NE, Suite 130
Washington, DC  20002
202-547-0198 ext. 128; 202-547-2662 (fax)
mrifkin@uls-dc.org

Counsel for Plaintiff


DATED: October 16, 2007

---

[6] See Court Dkt. No.18,  Meet and Confer Rept. filed on June 18, 2007, at 2.

7

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
|                   **Plaintiff,** | ) | **Civ. Action #** |
| **v.** | ) | |
| | ) | **1:07CV000444 (EGS)** |
| **Today's Bus, Inc.** | ) | |
| | ) | **Jury Trial Demand** |
| **and** | ) | |
| **Dong Jia Yong, President** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| **and** | ) | |
| **Ming Yu, Manager** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| **and** | ) | |
| **Wilcar Tours, Inc.** | ) | |
| | ) | |
| **and** | ) | |
| **William Ruiz, President** | ) | |
| in his official capacity | ) | |
| | ) | |
| **and** | ) | |
| **New Today Bus Corp., dba Today's Bus** | ) | |
| | ) | |
| **and** | ) | |
| **Pao Hua Yu, President** | ) | |
| in her official capacity | ) | |
| | ) | |
| **and** | ) | |
| **Tom Chan, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
| **and** | ) | |
| **Jimmy Zhang, Manager** | ) | |
| in his official capacity | ) | |
| | ) | |
|                   **Defendants.** | ) | |
| | ) | |

# **ORDER**

Having reviewed Plaintiff's Motion for Default Judgments and Memorandum in Support, it is hereby ORDERED:

Plaintiff's Motion is Granted, and default judgments are hereby issued against Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc. and William Ruiz.

It is further ORDERED that Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc. and William Ruiz shall pay to Plaintiff Jahinnslerth Orozco by certified check or money order the sum of $150,000. It is further ORDERED that within thirty (30) days of this Order, Today's Bus, Inc., Dong Jia Yong, Wilcar Tours, Inc. and William Ruiz shall:

> *1)* Develop policies and procedures that clearly prohibit discriminatory practices toward people with disabilities and sanction discriminatory behavior, including revising their policy to clarify that service animals are allowed to accompany passengers with disabilities in stations and on buses provided and/or operated by Defendants, and submit the policies and procedures to the Court and Plaintiff's counsel;
>
> *2)* Train all employees, station staff and bus drivers on ADA compliance, and specifically on the right of persons with disabilities to travel with their service animals, on buses engaged in providing transportation to the public, and submit curricula and signed certifications of attendance to the Court and Plaintiff's counsel. Distribute to all employees, contract agents, and other representatives of Wilcar Tours and Today's Bus Inc. detailed written material drafted by counsel for Plaintiffs about the rights of people with disabilities and the federal prohibitions against discrimination based on disabilities.

Defendants shall also require that employees attend a mandatory training session led by regarding the federal prohibitions against disability discrimination. Counsel for Plaintiffs will provide the training materials.

 *3)* Post signs in English, Spanish, and Chinese (and provide information in Braille, upon request) in the stations at 13 Allen Street, New York, NY, and 610 I St NW, Washington, DC and on the buses used by Today's Bus, which explicitly states that TODAY's BUS and WILCAR TOURS do not discriminate against anyone on the basis of disability, and that all individuals are welcome to travel on the buses with their service animals. The sign will measure at least two feet by three feet with letters sufficiently large to ensure they can be viewed from a distance;

 4) Provide a phone number and contact name on the website, on bus tickets, and on buses, used by Today's Bus, Inc. and Wilcar Tours, for customers' use in reporting disability discrimination complaints ,and act promptly to resolve such complaints;

 5) Pay to University Legal Services – Protection and Advocacy a certified check or money order in the amount of $67,500 for attorneys' fees and expenses incurred as of October 16, 2007;

 6) Appear at a hearing scheduled in this matter on _____, 2007.

 IT IS SO ORDERED.

 Signed:       _____
           Hon. Emmet G. Sullivan
           United States District Judge
           _____, 2007