UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAHINNSLERTH OROZCO | * |
|     Plaintiff | * |
| | * |
| v. | * |
| | * Case No.: 1:07-CV-00444 (EGS) |
| TODAY'S BUS, INC. ET. AL. | * |
|     Defendants | * |

## MOTION TO QUASH SUBPOENA

Pursuant to Fed. R. Civ. Proc. 26(c) and 45(c), Co-Defendant Pao Hua Yu, by counsel, moves this Honorable Court to quash a Rule 30(b)(6) Subpoena issued to Ms. Yu by Plaintiff in the above-referenced action. The Subpoena should be quashed based on the following reasons:

1. Plaintiff seeks information that is not relevant to the subject matter of this litigation and is not reasonably expected to yield any information that is relevant to the allegations of the complaint or any defenses of any Co-Defendants. The subject matter of this case and the complaint is solely whether Defendants discriminated against and segregated Plaintiff due to his disability and the presence of his guide dog on a Today's Bus, Inc. tour bus on December 31, 2006 and January 1, 2007 and whether Today's Bus, Inc. and its employees violated the American Disabilities Act by conducting such actions. Plaintiff's subpoena commands Co-Defendant to "Identify the names and addresses of all banks where New Today Bus Corp. have accounts and all account numbers at each bank for New Today Bus Corporation." (not Defendant Today's Bus, Inc.). Such information is clearly not relevant to the subject matter of this case.

2. As stated in the Co-Defendant's Motion to Dismiss, New Today Bus Corp. is not the same company as Today's Bus, Inc. and does not do business as Today's Bus.

Today's Bus, Inc. and New Today Bus Corp. are two completely different and separate companies. There has been no finding or judgment by this court against Co-Defendant New Today Bus Corp. for any financial liability to Plaintiff. Since Co-Defendant New Today Bus Corp.'s bank account does not contain information about Defendant Today's Bus, Inc. or Today's Bus' alleged discriminatory actions against Plaintiff, New Today Bu's Corp.'s bank account information for New Today Bus Corp. is not relevant to the subject matter of this litigation.

    3. Co-Defendants Pao Hua Yu and New Today Bus Corp. did not supervise, participate, authorized or was the motivating force behind the discriminatory actions alleged in the First Amended Complaint and is not liable, financially or otherwise, for any alleged discriminatory actions incurred by Today's Bus, Inc. Said Motion to Dismiss is still pending before this Court. Therefore, any information about New Today Bus Corp.'s bank account would not yield any information relevant to the allegations of the complaint or any defenses of any Co-Defendants.

    4. New Today Bus Corp.'s bank account information is subject to some privacy absent an actual showing of relevance and necessity. In <u>Higgs v. Kampgrounds of America,</u> 526 So. 2d 980, 981 (Fla. Dist. Ct. App. 1988), the Court found that: "the party seeking discovery of confidential information must make a showing of necessity, which outweighs the countervailing interest in maintaining the confidentiality of such information." In this case, there are no facts or evidence that would serve as a basis for Plaintiff's Subpoena for information on Co-Defendant New Today Bus Corp.'s bank accounts. Plaintiff has provided no documentation or testimony to support any allegations of wrongful actions against Plaintiff by Co-Defendants and has not provided

any evidence of any liability to Plaintiff by Co-Defendants. Therefore, compliance with Plaintiff's subpoena would violate Co-Defendant Pao Hua Yu and New Today Bus Corp.'s right to financial privacy.

5. The discovery by subpoena is sought for an improper purpose, that is, to harass, intimidate and otherwise force Co-Defendants into providing irrelevant and private corporate financial information from Co-Defendants to Plaintiff. Plaintiff had requested information from Co-Defendant Pao Hua Yu on New Today Bus Corp.'s bank accounts in its Second Set of Interrogatories and Requests for Production of Documents. Co-Defendants objected in writing in its response to the interrogatory and objected orally at the deposition of Co-Defendant when Plaintiff's attorney made the same request of Co-Defendant.

6. Plaintiff's subpoena requests private bank account information from Co-Defendant, which exceeds the scope of discovery under Rules 26(b)(1). The undue intrusiveness of the Plaintiff's request for such irrelevant information and the annoyance and embarrassment to Co-Defendant outweighs the benefit of any such discovery. In **Schmulovich v. 1161 Rt. 9 LLC**, 2007 U.S. Dist. LEXIS 59705, this court stated:

> "The Court has a responsibility to protect privacy and confidentiality interests. Pearson v. Miller, 211 F. 3d. 57,65 (3[rd]. Cir. 2000). Hence, the Court has authority to 'fashion a set of limitations that allow as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought.' *Id.* For instance, the Court has discretion to issue protective orders that impose limitations on the extent and matter of discovery where required 'to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)."

7. Plaintiff's subpoena fails to state the name of the court of issuance in violation of Fed. R. Civ. P. Rule 45(a)(1)(A) (see attached Subpoena).

3

Wherefore, Co-Defendant Pao Hua Yu prays

(1) That this Court quash Plaintiff's subpoena;

(2) That this Court rule on Co-Defendant's Motion to Dismiss;

(3) That this Court issue a protective order that limits the extent of discovery made by Plaintiff;

(4) Plaintiff be ordered to pay Co-Defendant Pau Hua Yu's attorney's fees for the filing of this Motion; and

(5) For any such other relief as this Court may deem just and proper

Respectfully submitted by,

_____/S/_____
Michael Wenyue Lu, DC Bar#452071
Law Offices of Michael W. Lu, LLC.
932 Hungerford Drive, Suite 8
Rockville, MD 20850
Tel.: 301-315-2670
Fax: 301-315-2672
E-mail: LuOffice@aol.com
Counsel for Co-Defendants

CERTIFICATE OF SERVICE

I certify that on this 21st day of December, 2007 I served a copy of the foregoing Motion by e-mail to:

Plaintiff's Counsel: Marjorie Lynn Rifkin, Esq. at mrifkin@uls-dc.org

Defendants' Counsel: Daniel S. Chang at dscchang@hotmail.com

_____/S/_____
Michael Wenyue Lu

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JAHINNSLERTH OROZCO *
    Plaintiff *
     *
     *
v. *
    * Case No.: 1:07CV00444 (EGS)
TODAY'S BUS, INC. ET. AL. *
    Defendants *

## ORDER

Upon consideration of the Motion to Quash Subpoena filed by Co-Defendant, Pao Hua Yu, it is hereby

ORDERED, that Co-Defendant Pao Hua Yu's Motion to Quash is granted;

ORDERED, that Co-Defendant Pao Hua Yu's Motion to Dismiss is granted;

ORDERED, that this Court shall place the following limits upon Plaintiff's discovery:



and further,

ORDERED, that Plaintiff pay reasonable attorney's fees and legal expense in the amount of _____ to Co-Defendant Pao Hua Yu.


Dated: _____      _____
                                             EMMET G. SULLIVAN
                                             UNITED STATES DISTRICT JUDGE