UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
|                **Plaintiff,** | ) | **Civ. Action #** |
| v. | ) | |
| | ) | **1:07CV000444 [EGS]** |
| **Today's Bus, Inc.** | ) | |
| | ) | **Jury Trial Demand** |
| and | ) | |
| **Dong Jia Yong, President** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| and | ) | |
| **Ming Yu, Manager** | ) | |
| in his official capacity | ) | |
| Today's Bus, Inc. | ) | |
| | ) | |
| and | ) | |
| **Wilcar Tours, Inc.** | ) | |
| | ) | |
| and | ) | |
| **William Ruiz, President** | ) | |
| in his official capacity | ) | |
| Wilcar Tours, Inc. | ) | |
| | ) | |
| and | ) | |
| **New Today Bus Corp., dba Today's Bus** | ) | |
| | ) | |
| and | ) | |
| **Pao Hua Yu, President** | ) | |
| in her official capacity | ) | |
| New Today Bus Corp., dba Today's Bus | ) | |
| | ) | |
| and | ) | |
| **Tom Chan, Manager** | ) | |
|  in his official capacity | ) | |
| New Today Bus Corp., dba Today's Bus | ) | |
| and | ) | |
| | ) | |
| **Jimmy Zhang, Manager** | ) | |
| in his official capacity | ) | |
| New Today Bus Corp., dba Today's Bus | ) | |
| | ) | |
|                **Defendants** | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO QUASH SUBPOENA

Plaintiff Jahinnslerth Orozco, through his undersigned counsel, served a subpoena on Defendant Pao Hua Yu through her defense counsel Michael W. Lu seeking testimonial evidence to "identify the names and addresses of all banks where New Today Bus Corp. have accounts and provide all account numbers at each bank for New Today Bus Corp." Exh. A, Subpoena dated December 14, 2007. The subpoena was Plaintiff's last resort to obtain the information following Defendant Pao Hua Yu's refusal to respond to an interrogatory or to questioning in her deposition seeking the same information.

On November 5, 2007, Plaintiff served discovery requests on Defendants' counsel Michael W. Lu, seeking banking and financial information about Defendant New Today Bus Corporation [NTBC] and the corporate role(s) of Defendant Pao Hua Yu. Defendants refused to answer the interrogatories regarding corporate banking and financial information based on their claim that the information sought was not relevant to the allegations of the Complaint.

On December 14, 2007, Plaintiffs' counsel Sandra Bernstein deposed Defendant Pao Hua Yu, the principal and sole corporate officer of Defendant New Today Bus Corporation, and asked her the following:

> MS. BERNSTEIN [Plaintiff's Counsel] Can you please indicate where New Today Bus has bank accounts?
>
> THE WITNESS [Pao Hua Yu]: I feel it's irrelevant to this case.
>
> MS. BERNSTEIN: That's not for you to decide. We have sued the company and we're asking where does New Today Bus have bank accounts?

>MS. BERNSTEIN: Please direct your client to answer.
>
>MR. LU [Defendants' Counsel]: What she said is probably also correct. It's not related to the case. I would suggest, if you feel comfortable, you answer. It's not a big issue.
>
>THE WITNESS: I feel there's no need to answer this question. It's irrelevant.
>
>MS. BERNSTEIN:  Can you please direct your client to answer the question?
>
>MR. LU: Well, I've already directed her.
>
>MS. RIFKIN [Plaintiff's counsel]: That's not what you did. It's not if she feels comfortable. Can you please direct her to answer the question?
>
>MR. LU: She answered your question. I cannot answer your question on her behalf. I suggested –
>
>MS. RIFKIN:  I'm going to prepare a subpoena then. We will serve you today with a subpoena for the information about all of the bank accounts that New Today Bus Corporation has. You are under a court order to provide that information because you are sued as a Defendant in a case, and the corporation that you say you're the owner of is also sued as a Defendant in this case. We will go ahead and do it."

Exh. C, Tr. at 37:14-22 - 39:1

Plaintiff's counsel then prepared a subpoena which she served by hand on Defendant Pao Hua Yu through her Defense counsel Mr. Lu at the conclusion of the deposition on December 14, 2007.   The subpoena specified the case name and the case number, and a return date of December 28, 2007[1] and sought the names and addresses where NTBC maintains its corporate bank accounts.

For the following reasons, Plaintiff  Jahinnslerth Orozco respectfully requests that the Court deny Defendant's Motion to Quash Subpoena.

---

[1] Plaintiff's counsel used the subpoena form obtained from the United States District Court's website, but inadvertently omitted the District of Columbia in the heading of the document.  As defense counsel, Mr. Lu, is clearly aware of the court in which Plaintiff's case was filed. Nevertheless, Plaintiff has prepared a corrected copy of the subpoena which is attached as Exhibit B and extended the timeframe for production of the bank account information.

**I.    Plaintiff's Subpoena Seeks Relevant Information From Defendants That is Subject to Discovery**

Federal Rule of Civil Procedure 26(b)(1) provides:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party….For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1)

Contrary to Defendant's unsworn, unsupported claim that the identification of NTBC's bank accounts is irrelevant, Def. Mot. at 1, Plaintiff named as Defendants New Today Bus Corporation, a corporate entity, and its principal, Pao Hua Yu, in her official capacity. The Amended Complaint alleges that NTBC is implicated in the discriminatory conduct against him on December 31, 2007 and January 1, 2007 when he was prohibited from boarding buses in Washington, DC and New York City with his guide dog in violation of federal anti-discrimination laws.[2] The amended complaint names New Today Bus Corp. [NTBC], in addition to Today's Bus, Inc., and seeks punitive damages as well as compensatory damages and injunctive relief.

Plaintiff seeks the identification of bank accounts held by NTBC in an effort to establish the links between NTBC and Today's Bus Inc., which is relevant to Plaintiff's case. Plaintiff contends that the Defendant companies are

---

[2] Plaintiff experienced discrimination yet again on December 8, 2007 when NTBC refused to allow him to board a bus with his guide dog from Washington, DC to Philadelphia. Plaintiff has disclosed this recent incident to Defendant's counsel in detail, and will seek leave to amend his complaint to add this most recent incident.

intertwined, with NTBC doing business as Today's Bus, Inc. and vice versa. NTBC is a New York corporation formed as of January 2006,[3] prior to Plaintiff's experience in New York on January 1, 2007. NTBC was formally licensed to do business in Washington, DC shortly after Plaintiff filed his original complaint. NTBC is likely a successor company to Today's Bus Inc. NTBC's successor status is further suggested by the certificate of occupancy issued by the DC Consumer and Regulatory Administration. See Dkt. # 35, Plaintiff's Opp. Mot. to Dismiss at 4; Exh. B appended to Dkt. # 32, Def. Mot. to Dismiss.

Whether NTBC is 'doing business as' Today's Bus as stipulated to by Defendant Ming Yu,[4] or is a successor to Today's Bus, Defendants NTBC and Today's Bus, Inc. do not appear to be wholly independent. This is evidenced by the fact that the companies appear to staffed by the same employees, and individuals serve in various capacities as registered agents, employees, and officers in both Defendant companies. These companies have apparently purposely sought to evade liability for their federal statutory violations by obfuscating their corporate identities. Plaintiff seeks the bank account information to pierce the corporate veil by showing, for example, the corporation's handling and possible commingling of corporate assets, use of multiple corporations to shield personal dealings, and undercapitalization of the corporation, existence of alter ego, or similar relationships among principals. Plaintiff also seeks the bank account information to support his claims for

---

[3] See Dkt # 35; Plaintiff's Opp. Mot. to Dismiss; Dkt # 32, Exh. D appended to Def. Mot. to Dismiss.

[4] See Dkt. # 18, Meet and Confer Report filed by Defendant Ming Yu at 3.

punitive and compensatory damages. Plaintiff's subpoena thus seeks information "reasonably calculated to lead to the discovery of admissible evidence."

Accordingly, the subpoenaed information is relevant, necessary to Plaintiff's case, and Defendant's motion to quash must be denied.

**II.    Plaintiff's Subpoena Seeks Non-Privileged Corporate Information That is Not Unduly Burdensome for Defendants to Produce**

In deciding a motion to quash a subpoena, the Court must take into account the standard articulated in Fed. R. Civ. P. 45 and additional factors which subject a subpoena to quashing only if the subpoena "…calls for privileged matter or would cause an undue burden" to the non-movant, and access to the privileged information far outweighs the public interest in disclosure. <u>Watts v. S.E.C.</u>, 482 F.3d 501, 508 (D.C. Cir. 2007).

1. <u>Plaintiff's subpoena does not call for privileged information</u>

There is no absolute privilege in bank account numbers that is recognized by federal courts under the Constitution, <u>United States v. Payner</u>, 447 U.S. 727 (1980), or under Fed. R. Evid. 501. In evaluating whether subpoenaed material is privileged, the Court is "…required to weigh the public interest in nondisclosure… against the [Plaintiff's] need…for access to the privileged information." <u>Tuite v. Henry</u>, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (citing *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988). )

Under Fed. R. Civ. P. 26(b)(5)(A):

When a party withholds information otherwise discoverable by claiming that the information is privileged … the party must: (i) expressly make the claim; and (ii) describe the nature of the

6

> documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)

In opposing the subpoena, Defendants have failed to follow this requirement by failing to set forth with specificity which aspect(s) of the requested information are privileged and why. Defendants cite no applicable legal basis[5] for asserting a privilege to shield Plaintiff from access to the identification of the banks where NTBC maintains its corporate accounts and the corporate account numbers.

Plaintiff's request for the identification of banks and corporate account numbers does not implicate any privilege. Disclosure is necessary for the furtherance of this lawsuit. Moreover, disclosure will serve the public interest in prosecuting and crafting remedies for violations of federal statutory disability rights provisions.

2.  Production of the subpoenaed testimonial information would not unduly burden Defendants

The party moving to quash has the heavy burden to demonstrate that the subpoenaed information is "unreasonable or oppressive." Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984). In determining the extent to which

---

[5] In Schmulovich v. 1161 Rt. 9 LLC, 2007 U.S. Dist. LEXIS 59705, (D.N.J. Aug. 15, 2007), the unpublished decision from the District Court of New Jersey relied upon by Defendants in their motion, the court actually *denied* on New Jersey state law grounds a motion to quash a subpoena for personal bank account information from non-party banks in a contract dispute governed by state law. Higgs v. Kampgrounds of America, 526 So.2d 980 (Fla. Dist. Ct. App. 1988), the only other case cited by Defendant, relies upon Florida state privacy law in a state court case. These cases are totally inapposite to Plaintiff's case on federal statutory grounds in Federal Court.

subpoenaed material poses an undue burden on the movant, Fed. R. Civ. P. 26(b) (1)-(2) requires the court to consider a number of factors including :

> whether the discovery is 'unreasonably cumulative or duplicative'; whether the discovery sought is 'obtainable from some other source that is more convenient, less burdensome, or less expensive'; and whether 'the burden of expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.
>
> Watts v. S.E.C., 482 F.3d 501, 509 (D.C. Cir. 2007).

Plaintiff seeks the identification of NTBC's bank account numbers, and the banks where NTBC maintains its bank accounts. Plaintiff's request for such minimal testimonial information is not cumulative and poses no burden of production whatsoever on Defendants. Defendants would incur no expense to disclose this information. Plaintiff has no alternative means of obtaining the information subpoenaed. Moreover, as discussed above, the information sought by Plaintiff is relevant to his case against NTBC and Pao Hua Yu, among other Defendants. Plaintiff's need for the information far outweighs Defendants' self-interest in non-disclosure. Consequently, Defendants' Motion to Quash must be denied.

For the reasons discussed above, Plaintiff respectfully requests the Court to deny Defendant's Motion to Quash Subpoena.

Respectfully submitted,

_____/s/_____
Marjorie Rifkin (DC Bar No. 437076)
Sandra Bernstein (DC Bar No. 455355)
University Legal Services, Inc.
220 I Street NE, Suite 130

Washington, DC 20002
202-547-0198 ext. 128; 202-547-2662 (fax)
mrifkin@uls-dc.org

Counsel for Plaintiff


DATED: December 28, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jahinnslerth Orozco,** ) | |
|         **Plaintiff,** ) | **Civ. Action #** |
| v. ) | |
| ) | **1:07CV000444 [EGS]** |
| **Today's Bus, Inc., et al.** ) | |
| ) | **Jury Trial Demand** |

**ORDER**

Having read Defendant Pao Hua Yu's Motion to Quash Subpoena and Plaintiff's Opposition thereto, it is hereby

ORDERED, that the Motion to Quash is DENIED.

It is further ORDERED, that Defendant Pao Hua Yu must pay Plaintiff's attorney's fees and costs in connection with the filing of the Motion to Quash Subpoena.

_____
**Hon. Emmet G. Sullivan**
**United States District Court**
**for the District of Columbia**

**EXHIBIT A**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF _____

Jahinnslerth Orozco

V.

Today's Bus Inc., New Today Bus Corp., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-0444-EGS

TO: Pao Hua Yu
c/o Michael W. Lu, Esq

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Identify the names and addresses of all banks where New Today Bus Corp. have accounts and provide all account numbers at each bank for New Today Bus Corporation.

| PLACE  University Legal Services, 220 I St NE #130, Washington, DC 20002 | DATE AND TIME  12/28/2007 11:47 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Marjorie Rifkin  Attorney for Plaintiff | 12/14/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Marjorie Rifkin, Esq. Attorney for Plaintiff
University Legal Services, 220 I St NE #130, Washington, DC 20002 202-547-0198 x 128

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael Lu, Esq. | IN PERSON |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marjorie Rifkin, Esq. - University Legal Services | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  12/14/07
DATE

SIGNATURE OF SERVER
University Legal Services
220 I St. NE #130
ADDRESS OF SERVER
Washington, DC 20002
202-547-0198 x128

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Jahinnslerth Orozco

V.

Today Bus Inc., New Today Bus Corp., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-0444-EGS

TO: Pao Hua Yu
c/o Michael W. Lu, Esq.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Identify the names and addresses of all banks where New Today Bus Corp. have accounts and provide all account numbers at each bank for New Today Bus Corp.

| PLACE | Marjorie Rifkin, Esq.<br>University Legal Services, 220 I Street NE, Suite 130, Washington, DC  20002 | DATE AND TIME<br>1/18/2008 4:56 pm<br>Jan. 18, 2008 |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 12/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Marjorie Rifkin, Esq. Attorney for Plaintiff
University Legal Services, 220 I Street NE, Suite 130, Washington, DC  20002    202-547-0198 ext. 128

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael Lu, Esq. | Electronic Filing |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Marjorie Rifkin, Esq.<br>University Legal Services | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    12/28/2007
                  DATE

SIGNATURE OF SERVER

University Legal Services, 220 I Street NE, Suite 130
ADDRESS OF SERVER

Washington, DC 20002      202-547-0198 x. 128

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Capital Reporting Company

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - X
JAHINNSLERTH OROZCO              :
                                 :
    Plaintiff,                   :
vs.                              :   Civil Action No.
                                 :   1:07CV000444 (EGS)
TODAY'S BUS, INC., at al         :
                                 :
    Defendants.                  :
- - - - - - - - - - - - - X

                    Washington, D.C.
              Friday, December 14, 2007

Deposition of:

            PAO HUA YU,

called for oral examination by counsel for
Plaintiff, pursuant to notice, at the offices of
University Legal Services, 220 I Street, N.E.,
Suite 130, Washington, D.C., before Jodi Scheffel,
a Notary Public in and for the District of
Columbia, beginning at 10:25 a.m., when were
present on behalf of the parties:

(866) 448-DEPO
www.capitalreportingcompany.com                    (C) 2007

Page 34

1  Q  Who filed the application for the
2  employer identification number for New Today Bus?
3  A  What is an employer identification
4  number?
5  Q  Employer identification number is the
6  number you need when you operate a business.
7  A  It's the attorney who applied for it.
8  Q  Does New Today Bus Company have any
9  shareholders?
10  A  No. I hope you don't ask these questions
11  anymore. It's myself.
12     MR. LU: Right. She's answered the same
13  question previously.
14  Q  Do you provide W-2 tax forms to all of
15  your employees?
16  A  Yes.
17     MS. BERNSTEIN: Can you mark this as
18  Exhibit 4.
19     (P. Yu Exhibit No. 4 was
20     marked for identification.)
21  BY MS. BERNSTEIN:
22  Q  This document that has been marked as

Page 35

1  Exhibit 4 is part of a deposition transcript from
2  Ming Yu's deposition taken on September 10, 2007 --
3     THE INTERPRETER: Can you repeat, please?
4  BY MS. BERNSTEIN:
5  Q  This Exhibit No. 4 is a part of the
6  deposition transcript from Ming Yu. If you would
7  turn to the second page listed on page 109, the
8  highlighted part, when Ms. Metzel is asking
9  whether or not Mr. Yu gets a W-2, his response is
10  no. The highlighted part, the question is asked,
11  do you receive a W-2? The response from Mr. Yu was
12  no.
13  A  He shouldn't get one because we didn't
14  hire him. Why should he get a W-2?
15  Q  You're stating that Ming Yu never worked
16  for you?
17  A  He is my nephew. As I don't understand
18  English, I sometimes ask him to do translation for
19  me.
20     MR. LU: You only interpreted half of it.
21  She said he was not an employee.
22     THE WITNESS: People from Fudo

Page 36

1  (phonetic), we're very close relatives. They
2  sometimes do things for me without asking me for
3  payment or rewards.
4  BY MS. BERNSTEIN:
5  Q  Well, in Mr. Yu's deposition, he
6  indicated that he got paid about $20,000 a year.
7  Are you saying that that isn't true? Are you
8  stating Mr. Yu was never an employee of New Today
9  Bus?
10  A  Yes.
11  Q  He was not an employee? I'm sorry, let
12  me rephrase. Was he ever an employee of New Today
13  Bus?
14  A  He was never an employee of the company.
15  Q  How are your employees paid; by check, by
16  cash?
17  A  Checks.
18  Q  Who signs those checks?
19  A  I do.
20  Q  Do you have a Board of Directors?
21  A  Just myself. Do I need a Board?
22     MS. BERNSTEIN: Can you mark this as

Page 37

1  Exhibit No. 5.
2     (P. Yu Exhibit No. 5 was
3     marked for identification.)
4  BY MS. BERNSTEIN:
5  Q  What is marked as Exhibit No. 5 is the
6  Application for Certification of the Authority for
7  Foreign Corporation. Is it still accurate that you
8  are the president, vice president, the secretary,
9  the treasurer and the director of New Today Bus?
10  A  Yes, all myself.
11  Q  Am I to assume you do not have Board
12  meetings since it is only yourself?
13  A  Yes.
14  Q  Can you please indicate where New Today
15  Bus has bank accounts?
16  A  I feel it's irrelevant to this case.
17  Q  That's not for you to decide. We have
18  sued the company and we're asking where does New
19  Today Bus have bank accounts?
20     MS. BERNSTEIN: Please direct your client
21  to answer.
22     MR. LU: What she said is probably also

Capital Reporting Company

Page 38

1  correct. It's not related to the case.
2      I would suggest, if you feel comfortable,
3  you answer. It's not a big issue.
4      THE WITNESS: I feel there's no need to
5  answer this question. It's irrelevant.
6      MS. BERNSTEIN: Can you please direct
7  your client to answer the question?
8      MR. LU: Well, I've already directed her.
9      MS. RIFKIN: That's not what you did.
10 It's not if she feels comfortable. Can you please
11 direct her to answer the question?
12     MR. LU: She answered your question. I
13 cannot answer your question on her behalf. I
14 suggested --
15     MS. RIFKIN: I'm going to prepare a
16 subpoena then. We will serve you today with a
17 subpoena for the information about all of the bank
18 accounts that New Today Bus Corporation has. You
19 are under a court order to provide that information
20 because you are sued as a Defendant in a case, and
21 the corporation that you say you're the owner of is
22 also sued as a Defendant in this case. We will go

Page 39

1  ahead and do that.
2      MR. LU: We will also have a chance to
3  oppose it.
4      MS. RIFKIN: Sure, that's fine. You can
5  certainly do that.
6      MR. LU: As I say again, you can provide
7  the information.
8      MS. RIFKIN: We asked, where are the
9  accounts? That was the question.
10     (Recess taken.)
11 BY MS. BERNSTEIN:
12     Q  New Today's Bus office on Allen Street,
13 is that office leased or does New Today Bus own
14 that property?
15     A  Leased.
16     Q  Who do you lease that property from?
17     A  The landlord.
18     Q  Who is the landlord?
19     A  I forgot the name.
20     Q  Do you have any other businesses working
21 out of 13 Allen Street, or is New Today Bus the
22 only business there?

Page 40

1      A  The bus company is just ours, but there
2  are some other businesses.
3      Q  On 13 Allen Street, New Today Bus is the
4  only bus company?
5      A  Yes.
6      Q  On January 1, 2007, were there any other
7  bus companies operating out of 13 Allen Street?
8      A  I only know our offices are located
9  there. I don't know if the landlord leased the
10 place to other companies.
11     Q  On January 1st of this year, was New
12 Today Bus the only bus company working out of 13
13 Allen Street?
14     A  Yes, certainly, the only one.
15     Q  Where is New Today Bus' office located in
16 Washington, D.C.?
17     A  610 I Street.
18     Q  When did you start providing bus
19 services? When did New Today Bus Service start
20 providing bus service out of 610 I Street?
21     A  April of this year.
22     Q  On Exhibit No. 5, which again is the

Page 41

1  Application for Certificate of Authority, on the
2  third page of the document, number six, the
3  question is, date commenced or will commence
4  transaction business in the District. The response
5  filled in was March 1st, 2007. Was it March 1st,
6  2007 or April 2007 that New Today Bus commenced
7  services?
8      A  Actually, it started in April.
9      Q  This is your signature on this document
10 (indicating)?
11     A  Yes.
12     Q  Why did you then, when you filled out
13 this document, indicate you started providing
14 business on March 1st, 2007?
15     A  We didn't get -- it was not approved. So
16 we actually started business in April.
17     Q  This is incorrect, this document
18 (indicating)?
19     A  It's the date I planned to start, but the
20 plan had changes.
21     Q  Because it was filed -- the stamp on the
22 bottom indicates it was filed on April 6, 2007.

(866) 448-DEPO
www.capitalreportingcompany.com    (C) 2007