UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action # |
| v. | ) | |
| | ) | 1:07CV000444 (EGS) |
| | ) | |
| **Today's Bus, Inc., et al.,** | ) | |
| Defendants | ) | |
| | ) | **Jury Trial Demand** |
| | ) | |

**PLAINTIFF'S MOTION TO SHOW CAUSE WHY DEFENDANT
ZHANG SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff Jahinnslerth Orozco, through his undersigned counsel, hereby moves the Court for an Order to Show Cause why Defendant Jimmy Zhang should not be held in contempt of court for his failure to respond to a subpoena and court order dated December 14, 2007 directing him to appear for a deposition by Plaintiff's counsel on December 20, 2007. This deposition was re-scheduled due to Mr. Zhang's failure to appear at a deposition that was originally scheduled on December 14, 2007 in this matter.

On December 28, 2007, Plaintiff's counsel notified Defendant's counsel Michael W. Lu of the filing of this motion, and Mr. Lu indicated that he is opposed to this motion.

An accompanying Memorandum in Support of this motion and a proposed Order are attached.

Respectfully submitted,

_____/s/_____                                Dated:   January 8, 2008
**Marjorie Rifkin, Esq. Bar # 437076**
**Sandra Bernstein, Esq. Bar #455355**
**University Legal Services - P&A**
**220 I Street NE #130**
**Washington, DC 20002**
**(202) 547-0198 ext 112**
**(202) 547-2662 (fax)**

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** ) | | |
| ) | | |
| **Plaintiff,** ) | | **Civ. Action #** |
| v. ) | | |
| ) | | **1:07CV000444 (EGS)** |
| ) | | |
| **Today's Bus, Inc., et al.,** ) | | |
| **Defendants** ) | | |
| ) | | **Jury Trial Demand** |
| ) | | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE WHY DEFENDANT JIMMY ZHANG SHOULD NOT BE HELD IN CONTEMPT**

Plaintiff Jahinnslerth Orozco hereby moves the Court for an Order to Show Cause why Defendant Jimmy Zhang should not be held in contempt of court for his failure to appear for a deposition by Plaintiff's counsel.

On November 5, 2007, Plaintiff's counsel conferred with Michael W. Lu, Esq., counsel for Defendant Jimmy Zhang, to choose dates on which depositions of Mr. Zhang, among other parties, would be held. Accordingly, Plaintiff scheduled a deposition of Defendant Zhang for December 14, 2007.[1] Mr. Lu re-confirmed the scheduled deposition date of December 14th via email on November 21, 2007, and again on December 3rd. Exh. A, Declaration of M. Rifkin dated January 8, 2008. On December 13, 2007, in response to Plaintiff's counsel's repeated request for confirmation, Mr. Lu stated that he "can't reach Mr. Jimmy Zhang and therefore can't confirm his deposition schedule tomorrow." Id. Mr. Zhang failed to appear for his deposition on December 14, 2007.

---

[1] Depositions of Plaintiff and his witnesses were scheduled for December 20, 2007.

1

On December 14, 2007, Plaintiff's counsel served Mr. Lu, counsel for Defendant Zhang, with a subpoena pursuant to Fed. R. Civ. P. 45(b) to ensure Mr. Zhang's appearance on December 20, 2007. Exh. B, Subpoena dated December 13, 2007.[2] The parties notified the Court via telephone of this situation, among other issues, and the Court, in turn, notified Mr. Lu that it would issue an order directing Mr. Zhang to appear for a deposition on December 20, 2007. The Order states, "It has come to the Court's attention that the deposition of Mr. Zhang is scheduled for December 20, 2007 at 1:00p.m. …Mr. Zhang shall appear for his deposition on December 20, 2007 at 1:00 p.m." Minute Order dated December 14, 2007.[3]

Mr. Zhang failed to appear for his re-scheduled deposition on December 20, 2007, in violation of the Court's Order and Plaintiff's subpoena.

### **Contempt is the Appropriate Sanction**

Where, as here, a party "fails to obey an order to provide or permit discovery," Federal Rule of Civil Procedure 37(b)(2)(A)(vii) authorizes the Court to "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

### **Plaintiff Meets the Standard for Establishing Contempt**

In contempt proceedings, the moving party must first establish a prima facie case that the court's order is "clear and unambiguous." Armstrong v. Executive Office of the

---

[2] Plaintiff's counsel served Mr. Lu as the attorney representing Defendant Zhang, as is proper procedure. See 28 Fed. Proc., L. Ed. §65:248 (stating, "where a person subpoenaed is represented by counsel for a party to the proceeding, service should be made on the counsel and not on the person.") Plaintiff's counsel further informed Mr. Lu of his obligation to make diligent efforts to notify Mr. Zhang via telephone and serve Mr. Zhang at his home address. The home address for Mr. Zhang is readily accessible to Mr. Lu through Defendant New Today Bus Corp., Mr. Zhang's former employer, which is also represented by Mr. Lu.

[3] The Minute Order issued on December 14, 2007 initially stated, "The Court accepts defense counsel's representation that he has accepted service of a subpoena on behalf of his client Mr. Jimmy Zhang." This Order was reissued shortly thereafter to correct the scheduled date for the deposition.

President, 1 F.3d 1274, 1289 (D.C. Cir. 1993).  Second, the moving party must show by "clear and convincing evidence" that the accused contemnor violated that order.  Food Lion v. United Food and Commercial Workers Int'l Union, 103 F.3d 1007, 1016 (D.C. Cir. 1997).

In this case, the Court's Order of December 14, 2007 and Plaintiff's counsel's subpoena were unambiguously clear in stating Defendant Zhang's responsibility to appear for his deposition.  The subpoena stated clearly the date (December 20, 2007), time (1:00pm) and place of the deposition to be held at University Legal Services, 220 I St NE #130.  Moreover, on December 14, 2007, the Court advised Defendant's counsel Mr. Michael W. Lu via telephone in unambiguous terms that he should make arrangements to ensure his client's appearance on December 20, 2007 for his deposition.  Mr. Zhang's failure to appear on December 20, 2007 is a clear violation of the Court's December 14, 2007 Order.  Accordingly, Plaintiffs seek an Order to Show Cause why he should not be held in contempt of court, fined, and ordered again to appear for a deposition in this case.

**The Court Should Sanction Defendant Jimmy Zhang**

Rule 37(b)(2)(A)(i)-(iv) sets forth sanctions that may be levied against 'disobedient parties' such as Jimmy Zhang, who fail to appear for deposition as ordered.  These sanctions include (i) directing that designated claims and supporting facts be accepted as established facts, (ii) prohibiting the disobedient party from opposing designated claims or supporting defenses or introducing evidence, (iii) striking pleadings in whole or in part, and (iv) staying further proceedings until the order is obeyed. Fed. R. Civ. P.37(b)(2)(i)-(iv).

Plaintiff seeks sanctions under each of these provisions.  The Court should strike Mr. Zhang's Motion to Dismiss Plaintiff's Complaint in its entirety and bar Mr. Zhang from raising the defenses claimed in that motion.  Furthermore, the Court should accept as established fact Plaintiff's allegations that:

(1) Mr. Zhang worked at 610 I Street NW in Washington, DC as a manager for Today's Bus, Inc. during the December 31, 2006 and January 1, 2007 discriminatory actions against Plaintiff;

(2) During Mr. Zhang's employment at Today's Bus, Inc., the company was also doing business as New Today Bus Corporation;

(3) During his employment with Today's Bus, Inc., Mr. Zhang served as the registered agent in Washington, DC for New Today Bus Corporation at 610 I Street NW;

(4) Mr. Zhang continued working at 610 I Street NW as a manager for New Today Bus Corporation until his employment was terminated in the Fall of 2007.

Plaintiff's proposed order is attached.

Respectfully submitted,

_____/s/_____   Dated:  January 8, 2008
Marjorie Rifkin, Esq. Bar # 437076
Sandra Bernstein, Esq. Bar #455355
University Legal Services - P&A
220 I Street NE #130
Washington, DC 20002
(202) 547-0198 ext 112
(202) 547-2662 (fax)

ATTORNEYS FOR PLAINTIFFS

4

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Jahinnslerth Orozco,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civ. Action #** |
| **v.** | ) | |
| | ) | **1:07CV000444 (EGS)** |
| | ) | |
| **Today's Bus, Inc., et al.,** | ) | |
| **Defendants** | ) | |
| | ) | **Jury Trial Demand** |
| | ) | |

## ORDER

Having reviewed Plaintiff's Motion and Memorandum in Support to Show Cause Why Defendant Jimmy Zhang Should Not Be Held in Contempt, and any response thereto, it is

ORDERED:

Defendant Jimmy Zhang is hereby held in Contempt of Court for his failure to appear at a re-scheduled deposition on December 20, 2007;

Jimmy Zhang's Motion to Dismiss Plaintiff's Complaint is hereby stricken in its entirety and Mr. Zhang is hereby barred from raising any of the defenses claimed in that motion;

The Court accepts as established the following facts alleged by Plaintiff in the Complaint and the Opposition to the Motion to Dismiss:

(1) Mr. Zhang worked at 610 I Street NW in Washington, DC as a manager for Today's Bus, Inc. during the December 31, 2006 and January 1, 2007 discriminatory actions against Plaintiff;

1

(2) During Mr. Zhang's employment at Today's Bus, Inc., the company was also doing business as New Today Bus Corporation;

(3) During his employment with Today's Bus, Inc., Mr. Zhang served as the registered agent in Washington, DC for New Today Bus Corporation at 610 I Street NW;

(4) Mr. Zhang continued working at 610 I Street NW as a manager for New Today Bus Corporation until his employment was terminated in the Fall of 2007, and he took no action in response to Plaintiff's complaint.

_____   Dated:

Hon. Emmet G. Sullivan
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jahinnslerth Orozco, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action # |
| | ) | |
| v. | ) | 1:07CV000444 (EGS) |
| | ) | |
| Today's Bus, Inc., et al., | ) | |
| Defendants | ) | Jury Trial Demand |
| | ) | |

DECLARATION OF MARJORIE RIFKIN

Pursuant to 28 U.S.C. §1746, Marjorie Rifkin being duly sworn, hereby swears to the following under penalty of perjury:

1. I am counsel for Plaintiff Jahinnslerth Orozco in the above-captioned case.

2. Beginning on November 5, 2007, I emailed Mr. Michael Lu, counsel for Defendant Jimmy Zhang, requesting available dates on which to conduct depositions of Mr. Jimmy Zhang and Defendant Pao Hua Yu.

3. On November 21, 2007, Mr. Lu confirmed via that his client Jimmy Zhang was available for a deposition on December 14, 2007 at noon.

4. On December 3, 2007, Mr. Lu re-confirmed via email the scheduled deposition for Mr. Zhang.

5. On December 13, 2007, in response to my email query, Mr. Lu stated via email that he "can't reach Mr. Jimmy Zhang and therefore can't confirm his deposition schedule tomorrow."

6. Mr. Zhang failed to appear for his deposition on December 14, 2007.

7. Mr. Lu informed me that he has Mr. Zhang's cell telephone number, but he reportedly does not have his home address.

8. Mr. Lu informed me that he mailed the subpoena to Mr. Zhang's former work address at 610 I Street NW, Washington, DC. I requested that he ask his clients Pao Hua Yu, principal of New Today Bus Corp., for Mr. Zhang's home address, and send the subpoena to Mr. Zhang's home address.

9. On December 14, 2007, I served Mr. Lu personally with a subpoena seeking Jimmy Zhang's presence at a deposition on December 20, 2007. I advised Mr. Lu that I do not have contact information for his client Mr. Zhang, and furthermore that it was not appropriate for me to serve him since he is represented by Mr. Lu.

10. Mr. Zhang did not appear on December 20, 2007 for his rescheduled deposition.

11. On December 28, 2007, I advised Mr. Lu that I intended to file a Motion to Show Cause against Jimmy Zhang. Mr. Lu informed me he would oppose the motion.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 8 day of January, 2008.

Marjorie Rifkin

Exhibit B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Jahinnslerth Orozco

V.

Today's Bus Inc., New Today Bus Corp., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-0444-EGS

TO: Jimmy Zhang
c/o Michael W. Lu, Esq

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION University Legal Services, 220 I St NE #130, Washington, DC 20002 | DATE AND TIME 12/20/2007 2:00 pm |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 12/13/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Marjorie Rifkin, Esq. Attorney for Plaintiff
University Legal Services, 220 I St NE #130, Washington, DC 20002 202-547-0198 x 128

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Michael Lu | 220 I ST. NE #130, Washington, DC 20002 (IN PERSON) |

SERVED ON (PRINT NAME): Sandy Bernstein
MANNER OF SERVICE: Legal Director

SERVED BY (PRINT NAME): Marjorie Rifkin
TITLE:

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12/14/07
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER: University Legal Services, 220 I St NE #130, Washington, DC 20002

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).