UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JAHINNSLERTH OROZCO  \*
         Plaintiff  \*
                     \*
    v.  \*
                     \* Case No.: 1:07-CV-00444 (EGS)
TODAY'S BUS, INC. ET. AL.  \*
         Defendants  \*

## OPPOSITION TO PLAINTIFF'S MOTION TO SHOW CAUSE WHY DEFENDANT ZHANG SHOULD NOT BE HELD IN CONTEMPT

Pursuant to Fed. R. Civ. Proc. 45 and LCvR 7, Co-Defendant Jimmy Zhang, by counsel, opposes the Motion to Show Cause why Co-Defendant Jimmy Zhang should not be held in contempt filed by Plaintiff in the above-referenced action. The Motion for Contempt should be denied based on the following reasons:

1. The Co-Defendant has never been served with a notice of deposition by Plaintiff which he is entitled to under Fed. R. Civ. Proc. 30(b) and LCvR 30.1. Plaintiff's failure to serve it is in violation of the rules. The fact that Plaintiff's counsel plan a deposition schedule via phone with Defendant's counsel does not waive Plaintiff's burden of serving the notice to Plaintiff. Neither Plaintiff's Memorandum in Support of Motion to Show Cause nor Plaintiff's Declaration mentioned the service or waiver of said notice.

2. Therefore, the Co-Defendant's failure to appear for deposition on December 14, 2007 was caused by Plaintiff's own negligence of the federal rules as well as by Plaintiff's own failure to serve the notice on the deponent. Such failure to appear must be excused.

1

3. Based on the Co-Defendant's non-appearance on December 14, 2007, Plaintiff issued a subpoena to depose the Co-Defendant on December 20, 2007 and mailed the subpoena to the Co-Defendant's last known address on record which was the office address of his former employer, New Today Bus Corp. where he worked from April to September 2007. Because Defendant did not work there, he did not receive said subpoena.

4. Plaintiff did not serve said subpoena on the Co-Defendant in person as required by Fed. R. Civ. Proc. 45(b)(1) which states: "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."

5. The Co-Defendant's counsel did receive said subpoena on December 14, 2007 at direction of this court from Plaintiff and did mail said subpoena to the Co-Defendant's last known address on record which was the same as Plaintiff used to mail said subpoena. Similarly, the Co-Defendant did not receive it because he no longer worked there or went there.

6. Since Plaintiff failed to properly serve the subpoena and notify the Co-Defendant of the December 20, 2007 deposition, the Co-Defendant must be excused for not showing up at the December 20, 2007 deposition and should not be held in contempt by this Court as he did not deliberately attempt to avoid the deposition.

7. Further, Plaintiff failed to file a proof of service of the subpoena with the Court as required under Fed. Civ. R. 45(b)(3).

8. Still further, Co-Defendant Jimmy Zhang clearly and repeatedly indicated, under oath, in his response to Plaintiff's Interrogatories and Request for Production of Documents that he was employed for Co-Defendant New Today Bus Corp. from April 2007 to September 2007 only, was not employed by Co-Defendant Today's Bus, Inc. on the dates of December 31, 2006 and January 1, 2007 when the alleged discrimination occurred in DC and New York, and did not authorize or was not involved in any alleged discriminatory actions against Plaintiff.  Therefore, Co-Defendant Jimmy Zhang should not be forced to accept Plaintiff's groundless allegations and claims against him or give up his right to defend himself due to Plaintiff's own failure to notify him of the depositions and subpoena in a proper way.

Wherefore, the Co-Defendant prays that:

(1) This Court grant his Opposition to Plaintiff's Motion to Show Cause;

(2) This Court deny Plaintiff's Motion to show cause why Co-Defendant Jimmy Zhang should not be held in contempt;

(3) Plaintiff be ordered to pay the Co-Defendant's attorney's fees for the filing of this Opposition; and

(4) For any such other relief as this Court may deem just and proper.

Respectfully submitted by,

_____/S/_____
Michael W. Lu, DC Bar #452071
Law Offices of Michael W. Lu, LLC.
932 Hungerford Drive, Suite 8
Rockville, MD 20850
Tel.: 301-315-2670
E-mail: LuOffice@aol.com
Counsel for Co-Defendants

CERTIFICATE OF SERVICE

I certify that on this 17th day of January, 2008 I served a copy of the foregoing Opposition to Plaintiff's Motion for Contempt by e-mail to: Plaintiff's Counsel: Marjorie Lynn Rifkin, Esq. at mrifkin@uls-dc.org and Sandra J. Bernstein, Esq. at sbernstein@uls-dc.org.

                                                 /S/
                                           Michael W. Lu

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAHINNSLERTH OROZCO | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * Case No.: 1:07CV00444 (EGS) |
| TODAY'S BUS, INC. ET. AL. | * |
| Defendants | * |

### ORDER

Upon consideration of Opposition to Plaintiff's Motion to show cause why Co-Defendant Jimmy Zhang should not be held in contempt filed by Co-Defendant Jimmy Zhang, it is hereby

ORDERED, that Co-Defendant's Jimmy Zhang's Opposition to Plaintiff's Motion to show cause is granted;

ORDERED, that Plaintiff's Motion to show cause is denied;

ORDERED, that Plaintiff pay reasonable attorney's fees and legal expense in the amount of _____ to Co-Defendant Jimmy Zhang.

Dated: _____    _____
　　　　　　　　　　　　　　　　　EMMET G. SULLIVAN
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE